State ex rel. Jones et al. vs. Judges.

## No. 10,331.

THE STATE EX REL. R. W. JONES ET AL. VS. THE JUDGES OF THE TENTH JUDICIAL DISTRICT ET AL.

The law does not authorize a district judge, presiding over a court having criminal jurisdiction, to recuse himself simply because he is connected by blood or marriage with an accused.

The Act of 1877, No. 35. which placed no restriction on such recusation whenever the judge was so connected, has been repealed. It was replaced by the Acts of 1880, No. 40. and of 1882, No. 48, which refer to both, *civil* and *criminal cases*, and which restrict recusation to cases in which the judge is related within the *fourth* degree, to an accused or other party.

A judge has no right to recuse himself where a party to the case could not legally do so.

A self recused judge, who acts without authority of law, in recusing himself, cannot appoint another to act in his lieu and stead in such case.

APPEAL from the First and Tenth District Courts, Parish of DeSoto. *Taylor*, J., and *Hall*, J.

*E. W. Sutherlin ; Searles & Lee* and *C. W. Elam* for the Relators :

1. A district judge cannot recuse himself except for sufficient legal cause, as specifically provided by law. C. P. Art. 340 ; 2 Ann. 46, 503 ; 9 Ann. 321.
2. A district judge who erroneously recuses himself in a criminal case without a legal cause, as specifically provided by law, and thereupon declines to try such case under a mistaken sense of duty in respect of such question of law, preliminary to the whole case, may be compelled by mandamus to try such case, and the judge of an adjoining district appointed to try the same may be restrained therefrom by prohibition. Moses on Mandamus, p. 30, citing 28 Miss. 259 ; Ib. pp. 40 and 41, citing 3 Scam. (Ill.) Rep. 351, and 6 Eng. Law and Equity Rep. 371 ; C. P. 829, 830, 831 ; Const. Art. 90 ; 32 Ann. 542, 597, 774 ; 33 Ann. 1070, 1096, 1351 ; 34 Ann. 1177 ; 38 Ann. 499 ; High on Ex. Rem., Secs. 151, 250 ; 33 Ann. 180 ; 39 Ann. 994.
3. In such proceeding for mandamus and prohibition, the criminal case is not the direct issue, but this proceeding is original process, the object of which is to ascertain whether the district judge wrongfully refuses to perform what is alleged to be his duty and to compel its performance if that refusal is wrongful. 29 Ann. 785.
4. The district judge had no legal right to recuse himself because related to the wife of one of the relators in the sixth degree. Const. Art. 113 ; Acts of 1880, p. 38, No. 40 ; 34 Ann. 381.
5. Section 1067 of the Revised Statutes of 1870, as amended by Act 35, p. 35, of Reg. Ses. of 1877, is superseded by Const. Art. 112 and Acts of 1880, No. 40, p. 38. In fact, Act 35 of 1867 is nugatory and inoperative for want of a legal manner of trying such recused cases.
6. In no event did the judge have a legal right to recuse himself as to the relator Jones, to whom he was in no way related or connected by marriage. Even though a case is continued as to one defendant, another defendant jointly indicted cannot thereby be deprived of a trial. Revised Statutes, Sec. 999 ; Bishop, Crim. Prac., Third Edition, vol. 1, Sec. 1023.

The opinion of the Court was delivered by

BERMUDEZ, C. J. This is an application for a *mandamus* to compel

the judge of the Tenth Judicial District, to try a criminal case, pending before the court over which he presides and in which he has recused himself *proprio motu.*

The application is coupled with a prayer for a prohibition to prevent the judge of the First Judicial District, appointed to act in the place of the recusing judge, from trying said case.

The judge of the Tenth District returns, admitting the facts alleged, but justifying his conduct by averring that he is connected by marriage with one of the relators, whose wife is his third cousin, a relation in the *sixth* degree, and that his recusation is justified by Section 1 of Act 35 of 1877.

The section relied on reads:

"Any judge may be recused, or may recuse himself, in criminal cases:

"1. If said judge be connected by blood, or marriage, with the accused," etc.

The question presented is simply: whether this section is or not still in force, as far as it is applicable to the case before us.

A survey of the legislation of the subject of the recusation of judges, reveals its condition to be the following:

Pretermitting what it was up to 1858, the only enactments on the matter at that time were those found in Article 338 of the C. P., which were applicable exclusively to *civil* cases.

In that year, deeming it proper that some legislation should exist affecting recusation in *criminal* cases, the General Assembly enlarged the provisions of the Code of Practice, and enumerated the cases, criminal in nature, in which a recusation should be entered—Acts 1858, p. 218.

The act was incorporated in the R. S. of 1870, and figures therein as Sections 1067 and 1068. The following section refers to cases occurring in the New Orleans Criminal Court:

The law provided that "any judge may be recused, or may recuse himself; in criminal cases, if said judge be connected by blood or marriage with any person charged with any offence against the laws of the State," and it went on providing for the duty of district attorneys in such cases.

In 1877, by Act 35, the latter part of the first section of the Act of 1858 was eliminated, so as to relieve it from redundancy, and provision was made for the recusation of district attorneys, in specified cases.

The title of the act relates to the recusation of judges and of district attorneys in criminal cases, and to the amendment of the Revised

Statutes on the subject. The law was designed to have effect from and after its passage.

Some diversity of opinion having arisen as to the recusation of judges in both civil and criminal cases, the Convention of 1879 deemed it wise, by a special provision, to impower and direct the Legislature to provide by law for the trial of recused cases in the District Courts, by the selection of licensed attorneys at law, by an interchange of judges, or otherwise. Article 112.

In furtherance of this delegated authority, and in discharge of the duties it imposed, the Legislature of 1880, adopted Act 40, p. 38, providing causes of recusation of district judges and for the trial of recused cases in District Courts, the parish of Orleans excepted.

It is apparent, from the absence of any limitation of the extent of the application of the law, either in its title or body, and particularly from the language used in paragraph 1, of section 1, which refers to *civil* and *criminal cases*, that the Legislature did not design that the statute should apply exclusively to civil cases.

The argument urged to establish that proposition does not bear it out. It militates against itself, is self-destructive and serves as well to prove the collateral cognate proposition, for, if it be true that the act effects civil cases only, and in no way criminal cases, because the latter are not included expressly in the title or in every section, it would equally be true that the act does not relate even to civil cases, for a like reason.

The construction would be a forced one. It would do violence to the legislative purpose. It would lead to the inadmissible conclusion that, as the title and the body refer specially, in every instance, neither to *civil* nor to *criminal* cases, the legislation applies to neither and becomes absolutely nugatory. It would amount to a gratuitous charge of legislative stultification.

The law does not discriminate. It was designed to apply to *all* cases in which recusation would take place. *Ubi lex non distinguit, nec non distinguere debemus.*

The sound interpretation of the statute clearly is, that the legislative intent was to regulate the recusation of judges, as well in *civil* as in *criminal* cases and thus have a uniform system on the subject.

That legislation, however, was subsequently reviewed in 1882, when an act was passed, No. 35, p. 48, whereby Article 338 of the C. P. was again amended, by a slight enlargement of the cases mentioned, in the first paragraph of the Act of 1880, relative to sheriffs and jurors.

Although there was subsequent legislation in 1884, p. 86, on the subject of recusation, it is unnecessary to notice it, as it provides merely for the interchange of judges.

By reference to the Act of 1882, which may be deemed as containing the legislation applicable to the instant case, it will be seen that the Legislature enumerates and specifies the causes in which a judge shall be recused, the second of which is, that of "his being related to one of the parties within the *fourth* degree." No. 35, p. 48, par. 2, sec. 1.

The district judge of the Tenth Judicial District contends that, as the Act of 1877 is not incompatible with the Acts of 1880 and of 1882, he had authority to recuse himself as he did.

In order to establish this proposition he urges that the Act of 1877 and the later acts mentioned, refer, the former to criminal cases only and the others to civil cases, or at least doubtfully to criminal cases and that in cases of doubt, the right of self-recusation should prevail.

He further argues that the last acts, even if they refer to both *civil* and *criminal* cases, do not clash with, and cannot be considered as repealing, that of 1877, for the reason that the former are mandatory, while the latter is simply permissive.

A comparison of the three acts, that of 1877 and those of 1880 and 1882 impresses the mind irresistibly, that it was the intent of the Legislature to repeal the former; for, otherwise there would be two laws in existence—*one* authorizing the judge to recuse himself, whenever connected by blood or marriage, to any extent, with the accused, *another* authorizing his recusation only when related within the *fourth* degree.

We consider both laws as mandatory, as requiring the judge to recuse himself and authorizing parties to recuse him, whenever he is related to one of the parties within the *fourth* degree, and authorizing parties to recuse him, whenever, being so related, he does not recuse himself spontaneously, *proprio motu*.

Under the circumstances, considering that the law leaves no discretion to the district judge, and that he can legally recuse himself only where a party to the case has a right to recuse him, and that no one has recused him, or could legally do so in this case, it is his duty to sit upon the trial of the case, as the law provides.

It follows from this view of the case that, as the district judge of the Tenth Judicial District had no right to recuse himself, and his recusation is a nullity, he was without power to appoint any other judge to replace him in the trial of the case before his court.

It is, therefore, ordered and decreed that the restraining order made *in limine* be maintained and that the *mandamus* against the judge of the Tenth Judicial District and the prohibition against the judge of the First Judicial District, be made peremptory, and that the trial of the case against the relators proceed according to law, as though no recusation had ever been entered therein.