(53 South. 983.)

No. 18,539.

STATE v. HAYES.

In re HAYES.

(Dec. 12, 1910.   Rehearing Denied Jan. 16, 1911.)

*(Syllabus by the Court.)*

1. JUDGES (§ 51*)—RECUSATION—PREJUDICE— SUFFICIENCY OF MOTION.

A motion to recuse the presiding judge on the ground of prejudice, without stating the facts from which prejudice may be inferred, is frivolous on its face, and may be overruled without reference to another judge.

[Ed. Note.—For other cases, see Judges, Cent. Dig. §§ 224–231;  Dec. Dig. § 51.*]

2. JUDGES (§ 49*)—RECUSATION—FIXING EX-
CESSIVE BAIL.

A motion to recuse the presiding judge on
the ground of prejudice, as shown by his action
in fixing the amount of bail, alleged to be ex-
cessive, discloses no ground for his recusation.

[Ed. Note.—For other cases, see Judges, Cent.
Dig. §§ 187, 188; Dec. Dig. § 49.*]

Ada Hayes was charged with selling in-
toxicating liquors without a license, and
moved to recuse the presiding judge. Mo-
tion to recuse overruled, and she applies for
writs of prohibition and certiorari. Appli-
cation dismissed.

Dinkelspiel, Hart & Davey and M. I. Var-
nado, for relatrix.

LAND, J. The relatrix was charged by
information in four cases with selling in-
toxicating liquors without a license in the
prohibition parish of Washington.

Relatrix moved to recuse the presiding
judge of the district court of said parish
on the ground of prejudice against her, as
shown by his remarks at various times and
places, and particularly in the clerk's of-
fice in the town of Covington, in the pres-
ence of certain named persons, and as fur-
ther shown by the excessive and unlawful
bonds exacted of relatrix, being $2,000 in
each of three cases and $5,000 in the last
case.

The alleged remarks of the judge are not
set forth in the motion to recuse. The re-
latrix admits in her application that she gave
bonds as required in three of the cases, but
is silent as to the fourth case, the record of
which has not been produced.

The motion to recuse was overruled by the
judge as frivolous and intended merely for
delay.

The matter of the amount of the bail bonds
was within the discretion of the judge, and
his action in the premises furnishes no
ground for recusation.

The matter of alleged prejudice is a dif-
ferent question, but the motion stated no

facts on which the charge of prejudice can
be predicated.

In State v. Banta, 122 La. 235, 47 South.
538, the ground for recusation was that the
judge was *an enemy of the accused,*" and
incapable of giving him a fair trial. This
decision was res nova, and we do not think
its doctrine should be extended to a case of
alleged prejudice, unsupported by averments
of facts sufficient to show a hostile animus
on the part of the judge towards the ac-
cused. Otherwise, the administration of jus-
tice might be hampered to a serious extent
by baseless allegations of prejudice in the
mind of every trial judge.

Where a motion to recuse states no ground
for recusation as fixed by law, the judge may
overrule the same as frivolous. State v.
Chantlain, 42 La. Ann. 719, 7 South. 669.

A motion in arrest was filed on the ground
that the informations read "contrary to the
form of the *statutes of the state of Louisi-
ana.*" We are glad to state that many years
ago the Legislature put a quietus on all such
technical objections. Rev. St. 1870, § 1063.

It is therefore ordered that the writs here-
in issued be recalled, and that the relatrix's
application be dismissed, with costs.