DAWKINS, J.
Emile Martin was charged in an affidavit made before the respondent judge with violating certain provisions of Act 122 of 1921 (Ex. Sess.) relative to registration of voters. He was arrested, and a preliminary examination ordered before the said judge as a committing magistrate. On the day of the hearing Martin filed a motion to recuse the said judge, and ashed that he forthwith recuse himself or refer the motion to the judge of an adjoining district.
The grounds alleged in the motion for recusation were as follows:
‘‘That Leander H. Perez, district judge for the Twenty-Ninth judicial district for the parish of Plaquemines, state of Louisiana, is incompetent to sit upon and try any of the issues in this cause, and should recuse himself and appoint the judge of an adjoining district to try this case, or appoint the judge of an adjoining judicial district to determine whether he, the said Leander H. Perez, shall or shall not be recused, for this to wit:
“II. That the said Leander H. Perez, judge, is personally interested in this cause, and petitioner sets up and now shows the following facts establishing the personal interest of the said Leander H. Perez, judge, in the cause, to wit:
“First. That the said Leander H. Perez did, prior to the filing of the affidavit on which this case is based, threaten petitioner with arrest and punishment if he did not perform the acts which he is now criminally charged before this court with not performing — i. e., keeping his office of register of voters open at the courthouse at Point a la Hache on certain days.
“Second. That the said Leander II. Perez, judge, did personally request an opinion from the Attorney General of Louisiana as to the duty of petitioner, Emile Martin, to perform the acts for the alleged nonperformance of which petitioner is now criminally charged before the court, although, the said Leander H. Perez, judge, was and is already registered as a voter in the parish of Plaquemines.
“Third. That the said Leander H. Perez, judge, conferred with the prosecuting witness in this cause, Anson Gravolet, and induced him to sign the affidavit which forms the basis of this prosecution.
“Fourth. That Leander H. Perez, judge, personally prepared the affidavit for the signature of Anson Gravolet, which affidavit so personally prepared by the said Leander H. Perez, judge, now forms the basis for the present prosecution.
“Fifth. That the affidavit which forms the basis for this prosecution was sworn to before the said Leander H. Perez, judge, after having been personally prepared and written or dictated by said Leander H. Perez, judge, and was v by him, the said Leander H. Perez, personally delivered to the clerk of this court.
“Sixth. That the said Leander H. Perez, judge, is to all intents and purposes the prosecuting witness in this cause, although at the same time the duly elected and acting judge of this court.
“Seventh. That the said Leander H. Perez, judge, did prior to the institution of the prosecution against the petitioner by affidavit herein threaten to prosecute, petitioner, and stated to petitioner that under the facts now charged in the affidavit, which he discussed with petitioner, petitioner had violated the law referred to in the affidavit herein, and that he had consulted the Attorney General of the state of Louisiana with reference to the acts of petitioner complained of by the said Leander H. Per.ez, and the Attorney General had stated that the acts of petitioner were a clear 'violation of the law, which opinion of the Attorney General confirmed the said Leander H. Perez’s opinion; whereupon the petitioner informed the said Leander H. Perez that he had consulted John Dymond, Jr., Esq., a member of this court and district, his friend and personal legal adviser, and had been advised by his said personal attorney and friend that he, petitioner, was in duty bound to carry out his advertised schedule of days for registering citizens at or .near each polling place in the parish of Plaquemines, which said advertisement was first published on June -10, 1922, in the official journal of the parish of Plaquemines, which said schedule extended to August 12, 1922, inclusive, on the grounds that a majority of the citizens of the parish of Plaquemines would present themselves at these scheduled polling places, other than the parish seat of Point a la *771 Hache, and the effect of keeping his office open at the parish seat would be to deprive a large majority of the citizens of this parish of the right of registering at their respective •polling places, and the citizens at the polling place at the parish seat could, without much inconvenience register at the nearest polling place adjoining the parish seat; and he had' been further advised that such action by petitioner was warranted by the extraordinary 'Situation developed by the effects of the Poydras and Myrtle Grove crevasses, in the parish of Plaquemines, interrupting communications; and petitioner further says that the said Leander H. Perez, judge, was fully aware of the conditions afore recited, b.ut sought by threats of criminal prosecution of petitioner to compel petitioner to do what he had been legally advised he could not legally do; and petitioner further charges the said Leander H., Perez, judge, has a fixed and unchangeable opinion that petitioner is guilty of the offense charged in the said affidavit, and cannot give petitioner a fair and impartial trial of the alleged offense set forth in the affidavit herein.
“III. Petitioner shows further that, in addition to the above facts, the said Leander H. Perez, judge, is a member of a political faction hostile to petitioner, and of which political faction the said Leander H. Perez is an active agent, being the accredited leader thereof, functioning as such, and by means of which political faction the said Leander H. Perez, judge, is seeking to perpetuate himself in office, by seeking control of the political offices in the parish of Plaquemines, and more particularly the offices of the members of the school board which are to be voted for at the election of September 12, 1922, and that he, the said Leander H. Perez, judge, has been actively engaged in electioneering and seeking votes for the candidates of his faction who are offering for office's of members of the school board from his political faction in. the parish of Plaquemines; and that petitioner cannot obtain a fair and impartial trial before the said Leander I-I. Perez, judge, by reason of his bias and prejudice, and by reason of his interest in this cause.”
This motion was overruled with the following reasons;
“Considering the petition, of Emile Martin for the recusation of the judge of this court, and the motion made by counsel for Emile Martin, the court being of the opinion that at this time, there being no issue joined between the state of Louisiana and said Emile Martin, and there being no issue therefore to be tried, the petition and motion are premature, and that if or when such issue or any issues should be joined herein between the state of Louisiana and the said Emile Martin, the prayer of the petition of the, said Emile Martin will be considered according to law; and at this time it is ordered that the preliminary examination be proceeded with.”
Thereupon exception and objection to the court’s ruling was taken, written notice was immediately served upon said judge of the intention to apply to this court for writs of certiorari and prohibition, but notwithstanding which the hearing was ordered to continue. Other pleadings were filed and overruled. The said judge called and examined witnesses in support of the charge, but defendant declined to cross-examine them or to offer any evidence in his own behalf. The hearingi was completed, and the court held the accused for the action of -the grand jury or district attorney under bail in the sum of $500.
Application for writs of certiorari, prohibition, and mandamus having been made to this court, a rule nisi was issued, with stay of proceedings, and the matter is now before us for consideration. The return of respondent judge is substantially the same as his reasons for overruling the motion to recuse himself quoted above.
Opinion.
It is true that a criminal offense charged under affidavit and upon which a warrant has issued and arrest been made is not one upon which, in the present state of the law, a conviction or acquittal may be had. Nonetheless it is a proceeding in which the liberty of the accused depends, and he may be discharged, granted bail, or committed without bail according to the nature of the charge and depending upon the decision of the judge or magistrate after hearing the evidence in any particular case. The judge is called upon, therefore, to exercise his judi *773 cial powers and discretion by virtue of his office, in a manner which may affect seriously the rights of the accused.
The Constitution requires (article 7, § 1) that “all prosecution shall be carried on in. the name and by the authority of the state of Louisiana,” and if the state is not a party to a proceeding involving a preliminary hearing upon an affidavit, in whose name and by what authority is it héld? Rrom whence would the power come to arrest and bail or commit an accused to jail? As was said by us in State v. Williams, 34 La. Ann. 1199,
“If the proceedings had before the committing magistrate are not a ‘prosecution’ in the legal sense, where would be the authority for detaining the accused in legal custody, or what would be the legal value of the bond furnished by the accused for his appearance before the criminal court? It is elementary, in our jurisprudence, that such proceedings are the basis and primary inception of the prosecution, and that the order of the committing magistrate accepting the bond of the accused is a judicial act which is the basis of the judgment of the criminal court in case of a forfeiture of the bond.
“Hence it has been frequently held by our courts that, in default of such order, a bond of the accused accepted by the sheriff is null. State v. Longineau, 6 An. 700; State v. Clendennen, Id., 744; State v. Gilbert, 10 An. 532.”
In that case it was contended, where the cause, represented by affidavit, bond, and commitment, had been transferred to the criminal district court for the parish of Orleans, that there was no prosecution pending in the sense that it might be allotted under article 130, of the Constitution of 1879. But the language of the Constitution (article 5) was almost identical with that of 1921 (article 1, § 9), in that “prosecutions shall be by indictment or information; but the Legislature may provide for the prosecution of misdemeanors on affidavit,” and the court held that the case had been .properly allotted before indictment.
After indictment, a preliminary examination before a judge or justice of the peace becomes unnecessary. Clark’s Crim. Proc. p. 72. Yet we find in the Constitution of 1921, as in those prior to that time, the only criminal jurisdiction given a justice of the peace is that of a committing magistrate, empowered to hold preliminary examinations and fix bail in noncapital cases. Const. 1921, art. 7, § 4S. Hence it does, in so many words, recognize the prosecution of offenses preliminarily upon affidavit, according to the forms of the common law or of statute. All that section 9 of article 1 (Bill of Rights), relied upon by the respondent as sustaining the proposition that there was no issue between the state and the relator, and cited by the latter as denying the right to proceed against him by affidavit, means is that he shall be tried and convicted or acquitted only upon indictment or information, unless in misdemeanors the Legislature shall have provided for trial upon affidavit. See Marr’s Crim. Juris, p. 345 et seq.
Grounds of Recusation.
We deem it unnecessary to again review the statutory law upon the subject of disqualification of judges, this having been done in the recent case of State ex rel. v. Nunez, 147 La. 394, 85 South. 52. Suffice it to say that the following provision of section 1 of Act 40 of 1880 is the one under which the motion to recuse was made, to wit:
“First. His being interested in the cause: provided, that in all civil and criminal causes in which the state, the parishes or political or religious, corporations are interested, it shall not be sufficient cause to challenge the judge, who may have cognizance of the case, to allege that he is a citizen or inhabitant of the state or of the parish, or a member of said' political or religious corporations, or that he pays any state, parish or city tax,”
As we have said in other eases, it is not sufficient that the motion allege that the judge is interested, biased, or prejudiced; but facts must be set forth which, if proven, *775 would sustain that conclusion. State ex rel. v. Nunez, supra; State v. Blount, 124 La. 202, 50 South. 12; State v. Hayes, 127 La. 764, 53 South. 983; State v. Morgan, 142 La. 764, 77 South. 588.
The allegations of the motion in this case as herein above quoted in substance charged the judge with extreme political activity in the parish; that be is a leader of a political faction opposed to accused; that he had threatened the mover with criminal prosecution and punishment if he did not conform to the judge’s interpretation of the registration law; that said judge had sought the opinion of the Attorney General, which conformed with his own, and had formed a fixed and -unchangeable opinion of mover’s guilt; that he had initiated the prosecution and induced the making of the affidavit before himself, and to all intents and purposes was the prosecuting witness against the accused; further that, as the accredited leader of the political faction opposed to accused, he was seeking to perpetuate himself in office by gaining control of the political offices in the parish of Plaquemines; and that for all of said reasons, the bia^ and prejudice of said judge against petitioner and - his interest in said cause, petitioner could riot obtain a fair and impartial trial a£ his hands. ,
Under ordinary circumstances, it would not disqualify a judge if he, in a proper manner —that is, without bias, prejudice, or feeling, but solely in his capacity of a conservator of the peace — called attention of any one to what he conceived to be a violation of law, nor that in similar impartial fashion he had sought the opinion of the Attorney General on a” legal question, or that he had talked with the prosecuting witness, prepared the affidavit on information so furnished, and filed it with the clerk of court, or that he was a witness in the case, or .that he had expressed an opinion that the acts complained of, if true, were a violation of law, or that he was of a different political faction. But where, as in this case, all of these conditions are charged to exist as to the same individual at one time, together with the allegation that he is the recognized and'functioning leader of a political faction hostile to the accused, and that all of the acts and things done were in furtherance of a personal desire and scheme to'gain control'of the political offices in the parish for the purpose of perpetuating himself in office, and that the prosecution was instigated- by the said judge, in effect, for the purpose of intimidating the accused, another constitutional officer, into performing the duties of his office in accordance with the views and wishes of the said judge, we think a case was presented not frivolous and to be overruled without hearing, but. requiring that the respondent submit it to some judge other than himself for determination, or that he refer the motion to recuse in similar manner for trial. See State ex rel. v. Nunez, 147 La. 406, 85 South. 52, and authorities therein cited.
“Courts should scrupulously maintain the right of every litigant to an impartial and disinterested tribunal for the determination of his rights, and courts cannot too carefully guard against any attempt of an interested judge to force himself on litigating parties. It is an ancient maxim, applicable in all cases, civil or criminal, where judicial functions are to be exercised, whether in proceedings of inferior tribunals or in courts of last resort, that no man ought to be a judge in his own case, a maxim which appeals with such force to one’s sense of justice that it is said by Lord Coke to -be a natural right so inflexible that an act of parliament seeking to subvert it would be declared void. * * • ” 15 R. C. L. pp. 526, 527, verbo Judges, § 16, and authorities there cited.”
For the reasons assigned, it is ordered that the action' of the respondent in hearing and determining preliminarily the charge in this cause be set aside, that he either recuse himself therein, or that he appoint a judge of an *777 adjoining district to determine whether he shall or shall not be recused, and that in the meantime he be prohibited from proceeding further in said matter.