O’NIELL, C. J.
Relator, being prosecuted on a bill of information for the crime of attempting to bribe an officer, filed a petition for recusation of the judge. When the attorney was about to read the petition in open court, the judge asked whether it was verified by the defendant’s oath, and, being informed that it was so verified, he gave warning that he would hold the defendant accountable if the petition contained any disrespectful language. The petition was then read to the judge by defendant’s attorney.
He alleged, as cause for recusation, that the judge was, personally and politically, so biased and prejudiced against the defendant, and was so interested in the prosecution, that he could not give the defendant a fair or an impartial trial. In support of the motion, it was alleged specifically that the judge had expressed anxiety to try the case, and that the prosecution had been in fact instigated by the judge as a last and desperate attempt to punish the accused for not supporting him in the last preceding election.
The judge did not refer the motion to a judge ad hoc, or allow the defendant an opportunity to offer proof of his allegations. Deeming the allegations false and defamatory, and “frivolous and absurd,” as the *76 judge said, he peremptorily overruled the motion for recusation.
The case was then tried by a jury of 12, and resulted in a unanimous verdict of acquittal. Court then adjourned sine die. “Shortly after adjournment,” as the minutes recite, “the court was reopened.” The judge then ordered the sheriff to bring Joseph Simone into court. The order being obeyed, the judge summarily adjudged the defendant guilty of contempt, for the language used in his petition for recusation, and sentenced him to ten days’ imprisonment in the parish jail. At the same time the judge told the defendant that he was really guilty of the crime of which the jury had acquitted him, and that, if he should ever be convicted on any charge in that court, he would get the limit.
 The allegations on which the judge was asked to recuse himself were, for the most part, the same that were declared sufficient, if true, to compel the judge to recuse himself in the case of State v. Banta, 122 La. 235, 47 South. 538. The ruling in that case was that the judge had erred in refusing to refer the petition for recusation to a judge ad hoc to ascertain whether the allegations of the petition were true. The correctness of the ruling in Banta’s Case was questioned to some extent in State v. Morgan, 142 La. 755, 77 South. 588; but the decision in Banta’s Case was not overruled. The defendant in this ease, therefore, was not out of order in relying upon the ruling in Banta’s Case, and in believing that he would be allowed an opportunity to offer proof of the allegations in his petition for recusation. Even though the judge had personal knowledge that his alleged interest and his attitude and conduct in the prosecution had not disqualified him for the trial of the case, the defendant should not have been condemned for contempt without a hearing.
Although we do not approve the seemingly exaggerated language of the motion for recusation, particularly the expression that the prosecution was instigated by the judge as a last and desperate attempt to punish the defendant for not having favored the judge in his political campaign, we cannot say that the language was insulting or impertinent, without assuming that it wks false. It is always unpleasant for a judge to have it said that he cannot give a fair and impartial trial. But, if a litigant has the right to say it, he has the right to prove it, if he can.
Under an order of this court staying execution of the sentence for contempt, relator has remained at large.
The conviction and sentence for,contempt are annulled.
DAWKINS, OVERTON, and LAND, JJ., dissent, and think the conviction of contempt should be set aside, and the lower court instructed to give the applicant a contradictory hearing.