(98 South. 422)

No. 26146.

STATE v. DAVIS.

In re DAVIS.

(Nov. 22, 1923.)

*(Syllabus by Editorial Staff.)*

1. **Judges** ⊚⇒51(3)—Mere allegation that judge is interested no cause for recusation in criminal case.

The mere allegation that a judge is interested in a particular case within Act No. 40 of 1880, without an indication of what his interest is, does not state a cause for his being recused in a criminal case.

2. **Judges** ⊚⇒49(1)—Allegation that judge is enemy of accused does not set forth cause for recusation.

The allegations in a motion for recusation in a criminal case that the judge is an enemy of the party accused, and is therefore so biased and prejudiced that he cannot give the party a fair and impartial trial, does not set forth a legal cause for recusation.

3. **Judges** ⊚⇒51(4)—Procedure on motion for recusation in criminal case stated.

Whenever a district judge is asked to be recused in a criminal prosecution, he must determine whether the allegations of fact in the motion for recusation state a statutory cause therefor, and, if they do, he is incompetent to decide whether they are true, but must either recuse himself or refer the motion to a judge of an adjoining district.

4. **Judges** ⊚⇒51(1)—Remedy for denial of motion to recuse stated.

Where a motion for recusation of a judge in a criminal case is denied, defendant's remedy is not by invoking the supervisory jurisdiction of the Supreme Court, but to reserve exceptions to the ruling of the district judge or of the judge ad hoc, and to urge the complaint in the Supreme Court, in the event of an appeal from final verdict.

Land, J., dissenting in part.

Will Davis was accused of manufacturing and selling intoxicating liquor for beverage purposes. A motion to recuse the district judge was refused, and accused applies for writs of certiorari and prohibition. Relief denied.

Rusca & Cunningham, of Natchitoches, for relator.

By the WHOLE COURT.

O'NIELL, C. J. Relator was accused, in separate bills of information, of manufacturing and of selling intoxicating liquor for beverage purposes. Having waived arraignment and pleaded not guilty in each case, he filed a motion to recuse the district judge, averring in the motion that the judge had an interest in the case, that he was a personal enemy of defendant, and was so biased and prejudiced against defendant as to be incapable of giving him a fair and impartial trial. Relator requested the judge either to recuse himself or to refer the motion to a judge of an adjacent district to hear evidence in support of the allegations. But the judge to whom the motion was addressed overruled it, on the ground that the allegations of fact did not set forth a legal cause for recusation. This proceeding is to compel the judge either to recuse himself or to refer the motion for recusation to a judge of an adjoining district to hear evidence in support of the averments in the motion.

By the Act 40 of 1880, p. 38, a judge's "being interested in the cause" was made a ground for his being recused in either a criminal or a civil case. In that respect, the law was not changed either by Act 35 of 1882, p. 48, or by Act 203 of 1918, p. 380, even if this latter act, making some changes in the law of recusation, should be held applicable to criminal as well as civil cases. It has been deemed doubtful whether the statute of 1882 was ever applicable to criminal cases, because, in its title and in its text, it purported to be merely an amendment of article 338 of the Code of Practice, which, of course, has reference only to civil cases. See State v. Nunez, 147 La. 404, 85 South. 61. The act of 1882 did not contain a repealing clause. The act of 1918 does, in terms, repeal all laws in conflict therewith, and specifically the Act 35 of 1882. The act of 1918, however, in its title and in its text, purports to be merely an amendment and reenactment of article 338 of the Code of Practice as amended by Act 35 of 1882. For that reason, the act of 1918 might be declared not applicable to criminal cases, as was suggested with regard to the act of 1882 in State v. Nunez, supra. That is a matter of no importance in the case before us, because, if the act of 1918 is not applicable to criminal cases, the Act 40 of 1880 remains as the law on the subject of recusation in criminal cases; and, under either statute, a district judge's being interested in the case is a cause for recusation.

[1, 2] We have not yet undertaken to establish a rule for determining how a judge may be so "interested" in a criminal case as to disqualify him to sit in judgment in the case. But it is well settled that the mere allegation that a judge is interested in a particular case, without an indication of what his interest is, does not state a cause for his being recused. It is also well settled that the allegations, in a motion for recusation, that the judge is an enemy of the party accused, and is therefore so biased and prejudiced that he cannot give the party a fair and impartial trial, does not set forth a legal cause for recusation. The court ruled otherwise in State v. Banta, 122 La. 235, 47 South. 538; but the ruling has been referred to with disapproval several times, and must now be considered overruled. See State v. Blount, 124 La. 202, 50 South. 12; State v. Hayes, 127 La. 762, 53 South. 983; State v. Morgan, 142 La. 755, 77 South. 588; State v. Nunez, 147 La. 394, 85 South.

154 La.—30

52; State ex rel. Martin v. Judge, 152 La. 768, 94 South. 389; State v. Rini, 153 La. 57, 95 South. 400; and State v. Simone, 154 La. 73, 97 South. 302.

In the case of State v. Morgan, 142 La. 755, 77 South. 588, we disposed of the question thus:

"The judge to whom a motion for recusation is addressed is not compelled to refer it to another judge to determine whether the allegations in the motion are true, but may overrule the motion himself, if the allegations do not set forth a legal cause for recusation.

"Prejudice or bias on the part of the judge has not been declared by statute in this state to be a cause for which the defendant in a criminal prosecution may demand that the judge recuse himself."

The foregoing quotations are from the syllabus. We quote now from the opinion itself viz.:

"The cause assigned in the motion [for recusation] was that the judge was so biased and prejudiced against the defendant that it was impossible for the defendant to obtain a fair and impartial trial before him. Although alleged as a fact, that was, of course, only a matter of opinion or belief on the part of the defendant or his learned counsel. In support of the allegation of bias and prejudice on the part of the judge, the motion contains certain recitals or allegations of fact, which, in our opinion, were not a sufficient basis for the conclusion or belief that the judge was so biased or prejudiced that he could not give the defendant a fair or impartial trial. * * *

"It would be an unreasonable proposition to maintain that a motion for recusation that does not set forth a cause for recusation should be referred by the judge to whom it is addressed to another judge to determine whether the averments in the motion are true. Prejudice or bias on the part of the judge has not been declared by statute in this state to be a cause for which he may be recused. * * *

"It is true, in the case of State v. Banta, 122 La. 235, 47 South. 538, it was held that a motion for recusation, containing the allegation that the judge was a personal enemy of the defendant, and was so biased and prejudiced that he was incapable of giving the defendant a fair or impartial trial, set forth something to be considered, and should have been referred to another judge for trial and determination. But the facts of that case were excep-

tional, and the decision cannot be regarded as maintaining a general principle of law that the allegation that the judge is so biased or prejudiced against the defendant in a criminal prosecution that he cannot give the latter a fair or impartial trial, sets forth a cause for recusation. * * *

"However, in Banta's Case, this court refrained from expressing an opinion on the question whether, as a general proposition of law, bias or prejudice on the part of the trial judge, in a criminal case, is to be regarded as 'his being interested in the cause.' See pages 238 and 239 of 122 La. (47 South. 538). In State v. Bordelon, 141 La. 611, 75 South. 429, the opinion contains a passing remark by which the court appears to have taken it for granted that prejudice on the part of the judge was a cause for which the defendant in a criminal case might demand his recusation. But the dictum is not to be regarded as authority. * * *

"Our conclusion is that there was no error in the judge's refusal to recuse himself or to submit the motion to another judge for a ruling on it."

A rehearing was granted in State v. Morgan, and the ruling was reconsidered and reaffirmed, viz.:

"Although the action of the trial judge on defendant's motion to have him recused received most thorough consideration in our original opinion, the importance of that ruling, considering that it is based upon an apparently conflicting jurisprudence, was one of the causes which induced us to grant the present rehearing. The whole matter was again fully discussed and most elaborately argued by learned counsel. Still believing however, that the conclusions heretofore reached by us, and fully stated in our original opinion, are sound and correct, it is sufficient to say that we adhere to them."

In State v. Nunez, 147 La. 394, 85 South. 52, the author of the opinion in State v. Banta said of his ruling in that case:

"That ruling has since been modified to the extent that it has been held, in effect, that the bare allegation of bias and prejudice is not an allegation of interest on the part of the judge, and does not disclose a cause for his recusation, within the terms of the statute, and that a motion to recuse based upon that ground alone, or upon that ground with specifications which are not within the statute, may be overruled as frivolous and without referring the

matter to another judge. State v. Blount, 124 La. 202, 50 South. 12; State v. Hayes, 127 La. 764, 53 South. 983: State v. Morgan, 142 La. 764, 77 South. 588."

The causes for recusation are statutory. A judge's being a personal or political enemy of either party in a civil case, or of the defendant in a criminal case, or of the prosecuting attorney, is not a cause for the judge to be recused. Neither is a judge's being a personal or political friend of the party or parties on either side of a civil case, or on the side of the defense or of the prosecution in a criminal case, a cause for the judge to be recused.

The only question in such case is whether the circumstances are such as to give the judge a material interest in the result of the trial of the case. In State v. Nunez, supra, the judge and the defendant, who was the district attorney, were rival candidates for the judgeship in a political campaign then going on; and in the motion for recusation, it was alleged that the judge was, for that reason, materially interested in the result of the prosecution of the district attorney; that he, the judge, had set the prosecution on foot to subserve that interest, and had acted therein as a detective, as prosecuting witness, and as prosecuting attorney. Those allegations, of course, were held to disclose a cause for recusation; i. e., the judge's "being interested in the cause."

In State ex rel. Martin v. Judge, 152 La. 768, 94 South. 389, the defendant, holding the office of registrar of voters, was prosecuted on a charge of violating certain provisions of the statute relating to the registering of voters (Act 122 of Extra Session of 1922). The allegations of fact in the motion to recuse the judge, if true, showed that he had a material interest in the prosecution. For that reason it was held that the motion disclosed a cause for recusation.

In State v. Simone, 154 La. 73, 97 South. 302, the ruling was that the defendant was not guilty of contempt for having made, in his motion for recusation, substantially the same allegations that had been held sufficient in State v. Banta, supra, if the allegations were not false. We held that the judge should not have adjudged the defendant guilty of contempt, after the judge had, by peremptorily overruling the motion for recusation, deprived the defendant of an opportunity to prove that his allegations were true. Simone had alleged, in support of his charge that the judge was his enemy and was so biased and prejudiced that he could not give a fair or impartial trial, that the judge had instigated the prosecution of the defendant as a last and desperate attempt to punish him for not supporting the judge in his political campaign. The judge had peremptorily overruled the motion for recusation, saying that it was "frivolous and absurd." But the defendant had thereafter been tried and acquitted. The judge had sentenced him to suffer imprisonment for 10 days for contempt of court for having made the aforesaid allegations in the motion for recusation. The case was before us on a writ of habeas corpus. We were not called upon to decide whether the motion for recusation had set forth a legal cause for recusation. That question had passed out of the case when the defendant was acquitted of the crime charged. The only question that was submitted to us for decision was whether the allegations of the motion for recusation were so utterly irrelevant as to subject the defendant to condemnation and punishment for contempt of court for making the allegations. We held that, inasmuch as the allegations of enmity and bias and prejudice were substantially the same that had been declared sufficient, if true, to justify the judge's recusation in State v. Banta, 122 La. 235, 47 South. 538, and, inasmuch as the decision in that case had not been squarely overruled, even

though it had been unfavorably criticized in State v. Morgan, 142 La. 755, 77 South. 588, the defendant, Simone, "was not out of order in relying upon the ruling in Banta's Case, and in believing that he would be allowed an opportunity to offer proof of the allegations in his petition for recusation." The statement that Simone was not "out of order" for following the doctrine of the Banta Case was a very appropriate and familiar expression that he was not guilty of disrespect for the court. But our ruling that Simone should not go to jail for having had faith in the decision in the Banta Case was a long way from affirming the decision in the Banta Case—especially when we said, as we did at the same time say, that we had unfavorably criticized, though we had not overruled, the decision in the Banta Case. There is therefore no justification whatever for citing the ruling in Simone's Case as an affirmance of the decision in the Banta Case.

This court has consistently maintained that a defendant in a criminal prosecution has no right to demand the recusation of the district judge on the ground that he has manifested a prejudice or animosity by his rulings against the defendant. State v. Hayes, 127 La. 762, 53 South, 983; State v. Morgan, 142 La. 764, 77 South. 588; State ex rel. Martin v. Judge, 152 La. 768, 94 South. 389; State v. Rini, 153 La. 57, 95 South. 400. It is also decided that the judge's having expressed an opinion on the question of the guilt of the party accused is not, of itself, a cause for the judge to be recused. State v. Hayes, supra; State ex rel. Martin v. Judge, supra.

In State v. Chantlain, 42 La. Ann. 719, 7 South. 669, this court put at rest the question of the right of a judge, to whom is addressed a motion for recusation in a criminal case, to overrule the motion himself, if the allegations of fact do not state a statutory cause for recusation. Referring to the previous decisions on the subject, Mr. Justice Fenner, for the court, said:

"When we said, in the opinions above referred to, that the judge's duty to refer was irrespective of the merits of the plea, of course, we meant only the issues of fact involved under a plea valid if sustained by proof. We did not mean to compel judges to go through the idle ceremony of referring pleas which, if admitted to be true, would furnish no ground for recusation. This would be to issue a patent for a brand-new device to obtain delays in criminal causes, which the clumsiest hand could operate successfully."

[3, 4] We have said several times that a defendant in a criminal prosecution—for either a felony or a misdemeanor—has no right to prevent or interrupt a trial of the case by giving notice of an intention to apply to the Supreme Court to exercise its supervisory jurisdiction to compel the district judge either to recuse himself or to refer the question of recusation to a judge ad hoc. Such a system would almost abolish the administration of justice. Whenever a district judge is asked to be recused in a criminal prosecution, he must determine whether the allegations of fact in the motion for recusation state a statutory cause for recusation. If the allegations—assuming them to be true—do state a cause for recusation, the judge to whom they are addressed is not competent to decide whether the allegations are true. If the allegations of fact—taken for true—disclose that the judge has an actual interest in the case, he should either recuse himself or refer the motion to a judge of an adjoining district to hear evidence in support of the allegations of fact. If the alleged cause for recusation be that of relationship, or be any other statutory cause than that the judge has an interest in the case, he should either recuse himself forthwith or refer the motion to an attorney at law appointed by him as judge ad hoc to hear evidence and decide the question of recusation. In any event, the defendant's

remedy is, not to prevent or interrupt the trial by invoking the supervisory jurisdiction of the Supreme Court, but to reserve a bill of exceptions to the ruling of the district judge, or of the judge ad hoc, and urge the complaint here, in the event of an appeal from the final verdict in the case.

We have observed, in the written reasons assigned by the district judge for overruling the motion for recusation in this case, some reference to a still, or whisky manufacturing outfit, being found on premises belonging to the judge. It may be—though it is not certain—that the defendant was accused of manufacturing or selling the intoxicating liquor on the judge's premises. There was no such allegation in the motion for recusation. Therefore we do not express an opinion as to whether a judge's being victimized in that way would give him such an interest in the prosecution of the party accused, as to warrant the judge's being recused.

The relief prayed for by the relator in this case is denied.

DAWKINS, J., concurs in the decree.

LAND, J., dissents and hands down reasons.

ST. PAUL, J., concurs and files reasons.

LECHE, J., concurs for written reasons.

THOMPSON, J., concurs in decree.

OVERTON, J., absent.

LAND, J. (dissenting in part). Section 9 of article 1 of the Bill of Rights of the present Constitution ordains that—

"In all criminal prosecutions the accused shall have the right to a speedy public trial by an impartial jury."

Section 41 of article 7 of the Constitution of 1921 provides that—

"All cases in which the punishment may not be at hard labor shall, until otherwise provided by law, be tried by the judge without a jury."

In the trial of misdemeanors and minor offenses, a district judge, therefore, acts in a dual capacity, as he is both judge and jury in such cases.

Section 9 of article 19 of our Constitution declares that—

"The jury in all criminal cases shall be the judges of the law and of the facts on the question of guilt or innocence, having been charged as to the law applicable to the case by the presiding judge."

The jury under this section of the Constitution are the exclusive judges of the facts, of the credibility of witnesses, and of the weight and sufficiency of the testimony.

A prejudiced or biased juror is incompetent to serve on a jury, and, if he is erroneously permitted to do so, the verdict and sentence will be set aside on appeal by this court, because the accused has been deprived of his constitutional right to "an impartial trial."

How then can it be argued logically that a biased and prejudiced district judge is competent to sit as a jury to pass upon the facts in a misdemeanor case, without violating the constitutional right of the accused to "an impartial trial?".

Let us concede, for the sake of argument, that there is no recusation statute in this state, expressly declaring that a district judge shall be incompetent, because of bias or prejudice, to preside at the trial of a misdemeanor; yet this court is clothed, in the absence of such statute, with ample authority under our organic law to enforce the constitutional right of every citizen to "an impartial trial," by declaring that a biased or prejudiced judge shall not sit in such cases, because he is compelled to act as jury as well as judge.

The right to recuse a district judge in these cases does not necessarily arise under Act 40 of 1880, but emanates from the Bill of Rights itself of the Constitution, guaranteeing to every citizen of this state accused of

crime the inalienable right to "an impartial trial," and it is the plain duty of this court, as the highest tribunal of justice in this state, to see that a constitutional right so essential to the protection of the liberty of the citizen shall be preserved in its full integrity at all times.

Recurring to Act 40 of 1880, it must be conceded that, if the recusation of a district judge is sought under said act on the ground of bias or prejudice, such recusation must fall under head 1 of section 1 of said act: "His being interested in the cause." This ground of recusation applies to both civil and criminal cases. State v. Banta, 122 La. 238, 47 South. 538; State v. Judge, 41 La. Ann. 319, 6 South. 22.

Obviously "interested in the cause," as relating to a criminal case, cannot mean pecuniary interest. Nor does it mean interested in favor of the accused, as a judge may be recused because:

"Second. His being related to one of the parties within the fourth degree."

"Fourth. His being father-in-law, son-in-law, or brother-in-law of one of the parties." Section 1, Act 40, 1880.

Evidently these grounds for recusation are not in favor of the accused in a criminal case, but in favor of the state and the public, and are intended to prevent a judge, because of his "personal interest," from presiding at the trial of his own relations, whether by blood or by marriage.

"Interested in the cause" under head 1 of section 1 of said act means, therefore, not an interest in the person on trial, but an interest against him, an interest adverse or hostile to him, and as interpreted by this court, includes "personal enmity" and "personal prejudice," against the accused, although unaccompanied by any other "personal interest" on the part of the trial judge.

In the case of State v. Banta, 122 La. 235, 47 South. 538, a motion was filed to recuse the judge upon the ground that "he is his (mover's) personal enemy and is so biased and prejudiced as to be incapable of giving him (mover) a fair and impartial trial."

The motion to recuse was overruled by the trial judge on the ground that "the allegations contained in the motion are frivolous—they are without foundation." Under an application for writs of certiorari and prohibition, this court held that the charge was not frivolous, and set aside the ruling of the trial judge, who had overruled the motion himself.

It is to be observed that in the Banta Case no interest upon the part of the trial judge is alleged, other than that he was "the personal enemy" of the accused. "Prejudice or bias" under the act is necessarily "personal," as well as "enmity." If, therefore, "personal enmity" can be read into the statute under the head of the judges "being interested in the cause," it is not logically possible to exclude from the statute under this same head "personal bias" or "personal prejudice." A prejudice against certain offenses is purely of an impersonal character, and no one contends that such prejudice is a ground for recusation, or that it is included in the statute. That this is the view taken of this matter is shown by the decision in the case of State v. Hayes, 127 La. 762, 53 South. 983. In that case the relatrix moved to recuse the presiding judge of the district court "on the ground of prejudice against her, as shown by his remarks at various times and places, and particularly in the clerk's office in the town of Covington, in the presence of certain named persons, and as further shown by the excessive and unlawful bonds exacted of relatrix, being $2,000 in each of three cases, and $5,000 in the last case."

"Prejudice against her" is unquestionably "personal prejudice." It is to be noted that in that case also "no interest" is alleged except "personal prejudice."

The motion to recuse was overruled by the

judge "as frivolous and intended merely for delay."

The court said in the Hayes Case:

"In State v. Banta, 122 La. 235, 47 South. 538, the ground for recusation was that the judge was 'an enemy of the accused,' and incapable of giving him a fair trial. This decision was res nova, and we do not think its doctrine should be extended to a case of alleged prejudice, unsupported by averments of facts sufficient to show a hostile animus on the part of the judge towards the accused. Otherwise, the administration of justice might be hampered to a serious extent by baseless allegations of prejudice in the mind of every trial judge."

In the Banta Case, neither the alleged "personal enmity," of the trial judge, nor in the Hayes Case the alleged "personal prejudice" of the trial judge was predicated upon any facts stated in the motion. The Banta Case, however, was not overruled. So, under the Banta Case "personal enmity" remained a ground for recusation, and it is clearly inferred from the language used by the court in the Hayes Case that "personal prejudice" is also a ground for recusation, if supported by averments of facts sufficient to show "a hostile animus" on the part of the judge "towards the accused."

There is no particular charm or technicality about the use of the word "personal enemy" as "personal enmity" and "personal prejudice" are but different degrees of "hostile animus" on the part of the trial judge, and it is this "hostile animus" in the mind of a trial judge that constitutes the basis itself for the recusation, or "his being interested in the cause," to use the words of the statute.

The Banta Case, therefore, should be modified only to the extent of requiring the facts upon which the alleged "personal enmity" is based to be set forth in the motion for recusation, in order to make the Banta Case conform to the Hayes Case in this respect, and to the more recent case of State ex rel.

Martin v. Judge, 152 La. 768, 94 South. 389, in which this court said:

"As we have said in other cases, it is not sufficient that the motion allege that the judge is interested, biased, or prejudiced; but facts must be set forth which, if proven, would sustain that conclusion. State ex rel. v. Nunez, supra; State v. Blount, 124 La. 202, 50 South. 12; State v. Hayes, 127 La. 764, 53 South. 983; State v. Morgan, 142 La. 764, 77 South. 588."

The Banta Case was again criticized in the case of State v. Morgan, 142 La. 764, 77 South. 588, but, as declared in the case of State v. Simone, 97 South. 302,[1] decided June 30, 1923, it was not overruled.

In the Simone Case, the court, through Mr. Chief Justice O'Niell, the organ of the court in the Morgan Case, said:

"The allegations on which the judge was asked to recuse himself were, for the most part, the same that were declared sufficient, if true, to compel the judge to recuse himself in the case of State v. Banta, 122 La. 235, 47 South. 538. * * * The correctness of the ruling in Banta's Case was questioned to some extent in State v. Morgan, 142 La. 755, 77 South. 588; but the decision in Banta's Case was not overruled. The defendant in this case, therefore, was not out of order in relying upon the ruling in Banta's Case, and in believing that he would be allowed an opportunity to offer proof of the allegations in his petition for recusation."

The Simone Case is the latest expression of this court on the subject of "prejudice" on the part of the trial judge, and in the Simone Case the Banta Case is expressly approved as to its statement that "personal enmity" constitutes a ground of recusation under the statute, notwithstanding the adverse criticism of the Banta Case in the Morgan Case.

The mere fact that in one or two cases decided by this court it appears that "personal enmity" or "personal prejudice" was founded upon "personal interest" does not affect the Banta Case, the Hayes Case, or the Simone

---

[1] Ante, p. 73.

Case, as "hostile animus" on the part of the judge may exist independently of "personal interest," and has been held, without any additional "personal interest," to be sufficient and within the recusation statute in those cases.

It is the "hostile animus" of the trial judge against the accused, and not its origin, which renders him incompetent to sit in judgment in any case, and it is solely with this condition of the judicial mind that we are called upon to deal in recusation cases.

If this court should see fit to cut the Gordian knot by overruling these cases, because "prejudice" or "bias" is not contained eo nomine in the statute, it would still be confronted with the Bill of Rights, guaranteeing to every person accused of crime the constitutional right to an "impartial trial," and this fundamental right cannot be denied by this court to any citizen of this state, without overthrowing the Constitution itself, and establishing judicial tyranny in our midst by compelling accused persons to be tried in misdemeanor cases before biased and prejudiced judges.

While it is imperative that we accord to every citizen the free exercise of his constitutional right to "an impartial trial," it is equally imperative, as said in the Hayes Case, that the administration of justice be not "hampered to a serious extent by baseless allegations of prejudice in the mind of every trial judge," and that the ethics of the legal profession be strictly observed in preferring charges of enmity, bias, or prejudice against trial judges.

The charge in this case is that the trial judge is "an enemy" of the accused, and, as the motion states no facts on which this charge can be predicated, it must be deemed deficient and frivolous, and was properly overruled by the trial judge.

I therefore dissent as to the overruling of the Banta Case, and as to the holding that bias or prejudice is not a ground for recusation of a trial judge.

ST. PAUL, J. I concur in the decree.

An accused is certainly entitled to be tried before an impartial judge (State v. Bordelon, 141 La. 611, 75 South. 429); and a judge, who is the personal enemy of the accused, and so "biased and prejudiced" that he cannot give him a fair trial, is clearly not an impartial judge. State v. Banta, 122 La. 235, 47 South. 538.

But a bald allegation that the judge is a personal enemy of the accused is frivolous, unless time, place, and circumstance of the alleged enmity be set forth, to the end that it may be determined whether such allegation be a fact or a mere meretricious attempt to evade trial presently or before a particular judge primarily vested with jurisdiction to try the accused. State v. Morgan, 142 La. 755, 77 South. 588.

In State v. Simone, 154 La. 73, 97 South. 302, the accused did set forth (whether truthfully or falsely, as might be determined on trial) time, place, and circumstance on which he relied to establish the alleged enmity and bias of the district judge. But in this case we find only a bald allegation of enmity, without time, place, or circumstance set forth.

I therefore concur in the decree.

DAWKINS, J., concurs in this opinion.

LECHE, J. (concurring). In the case of State ex rel. Jones v. Judge, 41 La. Ann. 319, 6 South. 22, the law of this state providing for the recusation of judges in criminal cases was carefully considered, and it was held that all previous statutes upon that subject were superseded by Act 35 of 1882, and that although that act was in the form of an amendment to article 338 of the Code of Practice, which only regulates civil proceedings, the Legislature nevertheless intended the provisions of that amendatory act to apply equally to crim-

inal cases. In the Banta Case, 122 La. 235, 47 South. 538, the Jones Case was cited as authority for holding that the act of 1882 applied also to recusations in criminal cases. So that we must look to that act as a guide in discussing the merits of relator's motion to recuse the judge in the present case.

The only statutory ground alleged by the relator in support of his motion to recuse is that the judge has an interest in the case. The other allegations of the motion, to the effect that the judge is an enemy of the relator, and is so biased and prejudiced against him as to be incapable of giving him a fair and impartial trial, whether true or not, have not been deemed by the Legislature as proper grounds to recuse the judge, and therefore to hold otherwise would be judicial legislation.

The difficulty that presents itself, in applying the provision of the statute invoked in this case, is to give a proper construction to the word "interest."

My opinion is that the word is used in the sense of pecuniary interest, and not in the sense of sentimental interest. The inference drawn from the opinion in the Banta Case that the Legislature intended to convey the latter meaning is negatived in the later case of State v. Nunez, 147 La. 394, 85 South. 52, where this court held that an "allegation of bias and prejudice is not an allegation of interest." To hold otherwise would be to plunge into a labyrinth of uncertainty, to open the door to endless difficulty in attempting to ascertain the degree of love or hatred which a judge might entertain for or against the defendant in a criminal prosecution. It may appear unbecoming for this court to refuse the interposition of its authority in behalf of a defendant who alleges that the judge is so biased or prejudiced as to be incapable of giving him a fair and impartial trial, but that is a matter which properly pertains to the legislative department of the

government, and it is beyond the constitutional sphere of action of this court.

I believe that the apparent confusion, which is growing in our late jurisprudence on the subject under discussion, arises from the fact that the word "interest" as used in the statute has never received a clear and concise interpretation. It has never been questioned that in civil cases it means pecuniary interest, but there is no specific demand for money or property in criminal prosecutions, and for that reason it has been sought to apply the word in cases of a criminal nature in a different sense, in order to give it greater effect, with the result above stated.

In the present case, defendant is being prosecuted for selling and manufacturing intoxicating liquors for beverage purposes, and there is no allegation in the motion to recuse from which it can be inferred that the judge is pecuniarily interested in that prosecution. I therefore concur.