357 So.2d 638 (1978)
SOUTHERN BUILDERS, INC.
v.
CARLA CHARCOAL, INC.
No. 6593.
Court of Appeal of Louisiana, Third Circuit.
April 19, 1978.
Rehearing Denied April 27, 1978.
Writ Refused May 2, 1978.
Watson, Murchison, Crews & Arthur, William P. Crews, Jr., Natchitoches, for relator.
Billy R. Pesnell, Hargrove, Guyton, Ramey & Barlow, G. M. Bodenheimer, Charles E. Tooke, Jr., Gordon E. Rountree, Shreveport, Sam J. Friedman, Natchitoches, for respondent.
Before WATSON, GUIDRY and FORET, JJ.
WATSON, Judge.
During a recess in the trial of this matter, a motion was filed to recuse the Honorable W. Peyton Cunningham, Jr., District Judge of the Tenth Judicial District Court, Natchitoches Parish, Louisiana. The motion to recuse was heard by the Honorable John S. Pickett, Jr., District Judge of the Eleventh Judicial District Court, sitting as judge ad hoc, and the motion was held to be without merit.
Envirotech Systems, Inc., the mover for recusation, and one of the defendants-in-reconvention[1], applied to this court for a writ *639 of certiorari which was issued, this court entertaining doubt as to the correctness of the dismissal and being of the opinion that the serious issues raised should be considered.
The motion to recuse was filed following a letter written by Judge Cunningham on October 6, 1977 to Mr. G. M. Bodenheimer, Jr., counsel for Aeroglide Corporation.
The trial began on July 5, 1977 and continued for over three weeks through July 29, 1977. It was then recessed until other court dates could be assigned. All parties acknowledge that a substantial portion of the evidence was yet to be heard. During the July trial dates, the original plaintiff, Southern Builders, and the plaintiff-in-reconvention, Carla Charcoal, had completed most of their cases-in-chief and one of the several defendants-in-reconvention, Envirotech, had begun its case. (TR. 21).
The letter in question reads as follows:
 "October 6, 1977
 Mr. G. M. Bodenheimer, Jr.
 Attorney at Law
 705 Lane Building
 Shreveport, Louisiana 71101
 Re: Southern Builders, Inc.
 versus
 Carla Charcoal, Inc.
 Number 41,829
 Dear Mr. Bodenheimer:
This will confirm our telephone conversation of this date concerning Southern Builders versus Carla Charcoal.
Although I acknowledge that we have not completed taking all of the testimony, I have had several conferences with Mr. Bert Boyd, the Court-appointed expert, and it is our opinion that if the case were to be decided that there would be judgment in favor of Carla Charcoal for a substantial amount.
The liability would be broken down on the basis of Envirotech being 70% liable, Aeroglide 25% and Southern Builders 5%, with Thomas Conveyor Company paying a portion of Aeroglide's part. I do not know the exact amount of damages but these would include a substantial loss of profit, repair expenses, etc.
I would be glad to meet with you and any of the other attorneys at a time that is convenient and will set a date if you so request.
By copy of this letter to all counsel involved, I am apprizing them of these developments.
 Yours very truly,
 /s/ W. Peyton Cunningham, Jr.
 W. Peyton Cunningham, Jr.
 WPC JR: bdk
 cc: (As indicated)" (TR. 50).
At the hearing on the motion to recuse, evidence was taken concerning the circumstances under which the letter was written. Judge Cunningham testified that he had been advised by counsel for Envirotech that there was a possibility of settlement, although counsel and the judge did not discuss the details. The judge added:
"The suggestion was made, possibly by me, that if I would indicate a percentage that I thought each of the respective companies should contribute, that it might facilitate the settlement. So I wrote the letter." (TR. 22).
The following testimony is also significant:
"Q. Judge Cunningham, is there any doubt in your mind that you can keep an open mind in considering the additional evidence that is to be offered in this case?
"A. There is no doubt in my mind.
"Q. Do you have any doubt in your mind that you can and will give all of the defendants, all the parties, a fair and impartial trial, and decision in this matter?
"A. There is no doubt in my mind. As I pointed out in the letter that I wrote, I acknowledge that we had not completed taking the testimony of the witnesses.

*640 "Q. And the opinion and views which you expressed in your letter were necessarily based upon the record as it then existed?
"A. That's correct." (TR. 25-26).
The contention of Envirotech is that Judge Cunningham has demonstrated bias and prejudice and that Envirotech cannot receive a fair and impartial trial. The issue is, of course, whether Judge Cunningham should be recused.
The Louisiana Code of Civil Procedure is specific in listing the grounds upon which a judge may be recused in a civil case. These are found in LSA-C.C.P. art. 151 which reads as follows:
Art. 151. Grounds
"A judge of any court, trial or appellate, may be recused when he:
(1) Is a material witness in the cause;
(2) Has been employed or consulted as an attorney in the cause, or has been associated with an attorney during the latter's employment in the cause;
(3) Has performed a judicial act in the cause in another court;
(4) Is the spouse of a party, or of an attorney employed in the cause; or is related to a party, or to the spouse of a party, within the fourth degree; or is related to an attorney employed in the cause, or to the spouse of the attorney, within the second degree; or
(5) Is interested in the cause.
In any cause in which the state, or a political subdivision thereof, or a religious body or corporation is interested, the fact that the judge is a citizen of the state or a resident of the political subdivision, or pays taxes thereto, or is a member of the religious body or corporation, is not a ground for recusation."
The only sub-paragraph of article 151 which has been suggested by Envirotech as applying in this case is sub-paragraph (5). However, there appears in the record no support for the theory that Judge Cunningham is interested, in any manner, in the litigation, and we have been cited to no authority for the proposition that an expression during the course of the litigation as to the responsibility of the various defendants is a demonstration of interest in the cause.
The jurisprudence has developed a firm rule that there must be a statutory ground for recusing a judge. State v. Chantlain, 42 La.Ann. 718, 7 So. 669 (1890); Shreveport Long Leaf Lumber Co. v. Jones, 188 La. 519, 177 So. 593 (1937). Here no statutory provision applies.
We are not unmindful of the provisions of the Louisiana Constitution of 1974 and particularly art. 1, § 22 which reads as follows:
"Section 22. All courts shall be open, and every person shall have an adequate remedy by due process of law and justice, administered without denial, partiality, or unreasonable delay, for injury to him in his person, property, reputation, or other rights."
The letter from Judge Cunningham to the attorneys was ill-advised. However, it does not reflect such partiality as would justify his recusal. He testified specifically that the letter only represented his tentative conclusions on the basis of the evidence thus far presented and that he would decide the case on a fair and impartial basis after all evidence was heard. There is nothing in the record to support a contrary conclusion.
Therefore, the decision by the judge ad hoc to deny the motion for recusation is affirmed; the writ of certiorari is recalled and set aside.[2]
Costs are taxed against the petitioner-in-writ, Envirotech Systems, Inc.
Writ recalled.
GUIDRY, J., concurs and assigns written reasons.
FORET, J., concurs for the reasons assigned by GUIDRY, J.
*641 GUIDRY, Judge, concurring.
I concur in the result for the reason that the grounds for recusation urged by relator are not among those listed in LSA-C.C.P. Article 151 and the jurisprudence of this state is uniform to the effect that the causes therein specified are exclusive rather than illustrative. State v. Chatlain, 42 La. Ann. 718, 7 So. 669 (La.1890); State v. Davis, 154 La. 928, 98 So. 422 (La.1910); State v. Laborde, 214 La. 644, 38 So.2d 371 (La.1949), and, State v. Pailet, 246 La. 483, 165 So.2d 294 (La.1964).[1] In deciding the issue before us I believe that we are bound to follow this uniform jurisprudence and that any change therein must come from our Supreme Court.
It is my personal view that the cited article should not be so narrowly construed but rather it should be given a broad construction to the end that a judge, trial or appellate, would be subject to recusation in any case where his objectivity and impartiality may fairly be brought into question although in fact no bias or prejudice actually exists.
In the instant case I entertain not the slightest doubt that the trial judge can hear the balance of this case and render a fair, honest and impartial decision. However, be that as it may, the letter, its contents (regardless of the intended meaning), and the time when it was written, brings the trial judge's impartiality into question although in fact no partiality actually exists. Under these circumstances, I am of the opinion that the interests of justice and the integrity of our judicial system would best be served by the respondent judge's recusation. As stated by Justice Frankfurter in Offutt v. United States, 348 U.S. 11, 14, 75 S.Ct. 11, 13, 99 L.Ed. 11 (1954): "justice must satisfy the appearance of justice". For these reasons I respectfully concur.
NOTES
[1] Other defendants-in-reconvention are Aeroglide Corporation and Southern Builders, Inc., all being respondents-in-writ along with Carla Charcoal, Inc. All oppose the motion to recuse.
[2] A suggestion was made in oral argument that this court issue a stay order because the trial is rescheduled to resume on May 8, 1978, and, in the event of an adverse decision by this court, petitioner-in-writ desires to seek a writ from the Louisiana Supreme Court. It would be the prerogative of the Supreme Court to issue a stay order under the circumstances.
[1] LSA-C.C.P. Article 151 is, by its terms, identical to the former LSA-R.S. 15:303, which previously set forth the grounds for recusation of judges in criminal cases. Thus, the decisions of the Supreme Court interpreting the latter section are relevant and controlling.