(106 So. 375)

No. 27414.

## STATE v. PHILLIPS.

(Nov. 2, 1925. . Rehearing Denied Nov. 30, 1925.)

*(Syllabus by Editorial Staff.)*

1. **Judges &lArr;51(3)—Mere naked allegation of interest insufficient for recusation.**

The mere naked allegation of an interest of the judge sought to be recused, without setting forth ultimate facts sufficient to justify conclusion of interest, is insufficient for recusation.

2. **Judges &lArr;49(1)—Judge presumed not influenced by statements and rumors heard out of court.**

A judge is presumed not to be influenced by statements and rumors heard out of court.

3. **Judges &lArr;49(2)—Expression of opinion not grounds for recusation.**

That judge expressed an opinion in the case out of court and conversed with prosecuting and other witnesses relative to case is not grounds for recusation.

4. **Judges &lArr;51(3)—Motion to recuse judge stating interest, but merely showing grounds for prejudice, held properly overruled.**

In prosecution for misdemeanor, motion, under Acts No. 40 of 1880, and Act No. 203 of 1918, to recuse trial judge, stating his interest, but merely showing grounds for prejudice, *held* not to show sufficient grounds for recusation, so as to require reference of motion for trial to judge ad hoc.

5. **Intoxicating liquors &lArr;226—Evidence of source of information upon which search warrant issued properly excluded as irrelevant.**

In prosecution for possession of intoxicating liquors, evidence sought to be elicited by accused to establish source of information upon which search warrant issued, authorizing search of accused's premises for intoxicating liquors, *held* properly excluded as irrelevant.

Appeal from Sixth Judicial District Court, Parish of Tensas; F. X. Ransdell, Judge.

J. M. Phillips was convicted of the possession of intoxicating liquor for beverage purposes, and he appeals. Affirmed.

Tullis & Wade, of Vidalia, and B. F. Young, of St. Joseph, for appellant.

Percy Saint, Atty. Gen., Percy T. Ogden, Asst. Atty. Gen., Jeff B. Snyder, Dist. Atty., of Tallulah (E. R. Schowalter, Asst. Atty. Gen., of counsel), for the State.

OVERTON, J. Defendant was charged with having unlawfully in his possession intoxicating liquor for beverage purposes; the liquor consisting of 10 gallons of moonshine, or white lightning corn whisky.

[1-4] The first step that defendant took in his defense was to file a motion to recuse the trial judge. The motion first sets forth that the charge against defendant, being a misdemeanor, must be heard and determined by the judge without a jury, whose judgment as to the guilt or innocence of defendant will be final, and then sets forth, as the ground proper for recusation, the following:

"That the presiding judge has an interest in this cause, inasmuch as he has heard and listened to statements made to him by various and sundry parties touching the evidence to be introduced on the trial of this case by the prosecution, touching rumors and suspicions circulated and alleged to be entertained by various and sundry persons touching alleged illegal sales and transportation of intoxicating liquor by defendant, and inasmuch as the said presiding judge, as the result of what he has heard as

above set out, has formed and expressed, before a trial of this cause, a fixed opinion as to the guilt of defendant, and has conceived, and now has, an abiding prejudice against this defendant which renders him incapable of giving a fair and impartial trial, and rendering a judgment based solely upon the facts testified by the witnesses at the trial and the law applicable thereto."

The trial judge refused to refer this motion to another judge for trial, but overruled it upon the face of the papers. Defendant reserved a bill of exceptions to the action of the trial judge in refusing to refer the motion to another judge for trial and in overruling the motion on its face. The bill so reserved presents the first bill for consideration.

The grounds for the recusation of a trial judge in this state are statutory. Hence, unless a defendant in such a motion sets forth one of the grounds prescribed by statute therefor, the judge may, and it is his duty, to overrule the motion, but, if the motion sets forth facts showing a legal ground for recusation, the judge must either recuse himself or, according to the ground set forth, refer the motion for trial to the judge of an adjoining district or to an attorney at law appointed by him, as judge ad hoc. If the facts set forth are sufficient, if true, to show that the judge has an interest in the case, interest being a statutory ground for recusation, then, under the statute, the judge must, if he does not recuse himself, refer the motion to a judge of an adjoining district for trial. If the facts set forth are sufficient, if true, to show any other legal ground for recusation than that of interest, then the judge should either recuse himself or refer the motion for trial to a judge ad hoc appointed by him. State v. Morgan, 142 La. 755, 77 So. 588; State v. Blount, 124 La. 202, 50 So. 12; State v. Davis, 154 La. 928, 98 So. 422.

Since, in the case at bar, the judge whom it was sought to recuse overruled the motion for recusation, over defendant's objection, instead of referring it to another judge, the question is presented whether the motion alleges facts showing, if true, a legal ground for recusation. If the motion shows no such ground, then the judge was correct in overruling it; otherwise he was not.

While defendant alleges that the judge whom he seeks to recuse has an interest in the case, and while interest is a sufficient cause for recusation, yet a mere naked allegation of the existence of such interest is insufficient; this being so for the reason that ultimate facts, sufficient to justify the conclusion that such interest exists, must be set forth. State v. Davis, supra. However, defendant has undertaken to set out the facts which he considers justify the conclusion that the judge has an interest in the case. These facts, as we have seen, are that the judge has heard and listened to statements, made by various persons, touching the evidence to be offered by the state on the trial of the case on its merits; that he has listened to rumors and suspicions, which purport to connect defendant with the illicit sale and transportation of intoxicating liquors, all of which, it is alleged, has caused the judge to form and express a fixed opinion as to the guilt of defendant, and to conceive an abiding prejudice against him.

Whatever the foregoing facts may show, they signally fail, in our view, to show that the trial judge had an interest in the case. If they show anything, they show that the judge was biased and prejudiced against defendant, and had prejudged the case against him. But bias and prejudice are not equivalent to interest. For a judge to have an interest in a case within the meaning of the law, relative to the recusation of judges (Act No. 40 of 1880 and Act No. 203 of 1918), some fact must exist that leads to the conclusion that it is to the judge's personal advantage, whether he would be influenced by such advantage or not, to decide the case or

to seek to bring about a decision therein, for or against one of the parties to it, without reference to the law and the evidence. While bias and prejudice may cause a judge to err in his rulings, or in his conduct of the case, yet it cannot be said of them that they make it to the personal advantage of the judge to decide a case, or to influence a decision therein, one way or the other. Our conclusion, therefore, is that the facts alleged to show that the trial judge had an interest in the case, are insufficient to show such interest.

It may be urged, however, that, if the facts alleged by defendant are insufficient to show interest, yet that they are sufficient to show that the judge was so biased against defendant as to render him incapable of giving defendant a fair and impartial trial, and hence, that the motion shows a legal ground for the recusation of the judge. In fact, as we have seen, defendant, in setting forth the facts which he deems sufficient to show interest, alleges that, as a result of what the judge has heard concerning the evidence which the prosecution intended to offer against him, and the rumors connecting defendant with the illicit transportation and sale of intoxicating liquor, the judge has formed and expressed a fixed opinion against him, and has conceived an abiding prejudice against him, rendering the judge incapable of giving defendant a fair and impartial trial.

However, it may be said in answer to this contention that the Legislature has never deemed proper to make bias or prejudice on the part of a judge ground for recusing him. State v. Morgan, 142 La. 755, 77 So. 588. Even, however, had the Legislature deemed proper to make bias or prejudice ground for recusation, still we are not of the opinion that the facts alleged to show bias and prejudice justify the allegations, which are the mere conclusions of defendant, that the judge

was biased or prejudiced against him. For the motion to be sufficient in this respect, the facts alleged, in accordance with the rules of pleading, must justify the legal conclusions alleged or relied upon. We think that the motion is insufficient in the respect indicated, because the mere fact that the judge had heard and listened to statements showing what evidence the prosecution intended to offer at the trial, and to rumors connecting defendant with the illegal transportation and sale of intoxicating liquor, does not justify the conclusion that, as a result, he became biased against defendant and conceived an abiding prejudice against him. The foregoing facts might well have existed, and yet the judge not have been influenced by them. In fact, the judge, because of his oath and training, is presumed not to be influenced on the trial of the case by statements and rumors he may have heard out of court, and the fact that he has conversed with the prosecuting and other witnesses in the case, relative thereto, is deemed insufficient for his recusation. State v. Rini, 153 La. 57, 95 So. 400. Nor is the fact that the judge expressed an opinion in the case, out of court, legal ground for his recusation. State ex rel. Martin v. Judge, 152 La. 768, 94 So. 389; State v. Rini, supra.

For the reasons above stated our conclusion is, that the motion for recusation does not show a legal ground therefor, and hence the judge to whom it was addressed acted within his powers, when he overruled the motion on its face, instead of referring it to another judge for trial.

[5] The second and last bill of exceptions reserved was taken to the ruling of the court sustaining an objection made by the state to a question propounded by defendant, through his counsel, to establish the source of information upon which a search warrant issued authorizing the search of defendant's premises for intoxicating liquors. The ques-

tion was objected to on the ground that the evidence sought to be elicited was irrelevant, and also upon the ground that the information conveyed to the officers was ·in the nature of a privileged communication. The evidence sought to be elicited was clearly irrelevant.

For the reasons assigned, the judgment appealed·from is affirmed.