3 So.2d 549

### STATE v. HUTTON.

No. 36212.

June 30, 1941.

Eugene Stanley, Atty. Gen., Niels F. Hertz, Asst. Atty. Gen., and J. Bernard Cocke, Dist. Atty., and Beuker F. Amann, Asst. Dist. Atty., both of New Orleans, for the State.

George F. Bartley, of New Orleans, for appellant.

ODOM, Justice.

The defendant, Elie Hutton, was convicted of the crime of feloniously breaking and entering into a warehouse with intent to steal. He was sentenced to serve seven years at hard labor in the state penitentiary. He appealed from the conviction and sentence.

We find in the record five bills of exception, numbered 1, 3, 4, 5, and 6. Bill No. 1 was reserved to the refusal of the trial judge to recuse himself. Bill No. 3 was reserved to the ruling of the court permitting the assistant district attorney to read a written confession made by defendant. Bill No. 4 was reserved to the ruling of the court permitting the introduction in evidence of defendant's written confession. Bills No. 5 and 6 relate to the refusal of the trial judge to sustain defendant's motion in arrest of judgment and his refusal to grant a new trial.

We shall not discuss these bills in the order in which they are found in the record. We take up first Bill No. 4, which

relates to the question of the admissibility in evidence of defendant's written confession. The objection to the introduction of this written confession in evidence is based upon counsel's contention that the confession was not freely and voluntarily made. We find no merit whatever in the objection.

The testimony relating to the question whether the written confession was voluntarily made is in the record. The facts disclosed are that Mr. George Groetsch, one of the owners and the proprietor of the wholesale and retail grocery store alleged to have been burglarized by this defendant, his brother, Willie Hutton, and another, testified that he was at the Second Precinct Station when several members of the police department of the city brought this defendant to that station, and that defendant there voluntarily stated to him that his brother Willie had nothing whatever to do with the burglary of the store, and that he, defendant, "did it all". Mr. Groetsch testified that apparently the defendant desired to shield his brother, who was only 19 years old, and to take upon himself all blame and censure for the burglary. Mr. Groetsch testified that this statement by defendant was entirely free and voluntary, and was made in the presence of a number of police officers without defendant's having been questioned by him or any of the officers.

Mr. Groetsch's testimony was corroborated by the police officers. Mr. Groetsch was not present when the written confession was signed. The police officers who were present when the confession was signed testified that the sum and substance of defendant's oral confession was embodied in the written statement which defendant signed. These officers testified that the statement was signed freely and voluntarily, that no inducements were held out to him, that no force or violence of any nature or character was used in order to compel defendant to sign the statement. Defendant testified that he was cursed, abused, and beaten, and literally forced to sign the statement. His testimony is not corroborated, but is disputed by all of the officers. Not only that, the testimony of Mr. Groetsch shows that defendant freely and voluntarily confessed his guilt to him in the presence of the officers. Defendant does not contend that any persuasion, force, or violence was used prior to the moment that he made the statement to Mr. Groetsch. Clearly the written confession was admissible in evidence.

The assistant district attorney in his opening statement to the jury stated that he intended to offer in evidence the defendant's written confession of his guilt. When he began to read the confession to the jury, counsel for defendant objected. The objection was overruled, and the assistant district attorney was permitted to read the confession. Counsel for defendant reserved a bill of exception, which is numbered 3 in the record.

There is no merit in this bill. Article 333 of the Code of Criminal Procedure provides that the attorney representing the State shall make an opening statement to the jury, explaining the nature of the charge and the evidence by

which he expects to establish it. This court has repeatedly held that, if the district attorney expects to offer in evidence the written confession of the defendant, he must so declare in his opening statement to the jury. In the case of State v. Cannon, 184 La. 514, 166 So. 485, it was held that it was not improper for the district attorney, during the course of his opening statement to the jury, to read in full the written confession of the defendant on which the State intended to rely since the confession was later admitted in evidence. See State v. Ducre, 173 La. 438, 137 So. 745; State v. Silsby, 176 La. 727, 146 So. 684; State v. Newport, 178 La. 459, 151 So. 770.

Counsel for defendant argues that the reading of the confession by the assistant district attorney during his opening statement was improper because at that time the question of the admissibility of the confession had not been passed upon by the trial judge. Even if it be conceded that the court erred in permitting the district attorney to read, in the course of his opening statement, the document purporting to be defendant's free and voluntary written confession, the objection which counsel raised is of no moment, for the reason that the written confession was later admitted in evidence and was read in full to the jury during the progress of the trial. And, as we have stated, the trial judge correctly ruled that the written confession was admissible.

We find no merit in bill No. 1, which relates to the recusation of Judge William J. O'Hara. The argument in support of it runs to the effect that the trial judge was interested in the case. One of the grounds set out in Article 303 of the Code of Criminal Procedure for recusing a judge in a criminal case is "his being interested in .the cause".

The facts are that this defendant, Elie Hutton, his brother, Willie Hutton, and another individual who was never apprehended were jointly charged with the crime of breaking into a warehouse with intent to steal. The defendant and his brother, Willie Hutton, were called up for trial, and one of the attorneys for this defendant objected to the taking up of the case at that time because he was then engaged, or was about to become engaged, in the trial of another case. Whereupon the assistant district attorney moved for a severance, which was granted. The defendant Willie Hutton was immediately tried and convicted by a jury in Judge O'Hara's court, and was by him sentenced. Willie Hutton and this defendant having been jointly charged with the commission of the crime, the judge heard at Willie Hutton's trial evidence which would probably be introduced at the trial of this defendant and therefore had some knowledge of the case against this defendant before it was tried.

The defendant Willie Hutton was only 19 years old, and his brother, this defendant, is about 30 years old. When Willie Hutton was called up for sentence, an effort was made by his counsel to induce the judge to impose a light sentence upon him on the ground that he was but a youth and the further ground that the testimony indicated that he was influenced by his older

brother to commit the crime. Judge O'-Hara took all this into consideration and stated that in his opinion, if Elie Hutton should be convicted, it would be proper to impose upon him a heavier penalty than should be inflicted upon the 19-year-old Willie Hutton.

The argument made by counsel for this defendant is that, in as much as Judge O'-Hara had heard the testimony introduced at the trial of Willie Hutton and since he had stated that he thought this defendant should receive a heavier sentence in case of his conviction than that which he proposed to inflict upon the minor Willie Hutton, Judge O'Hara should be recused.

There is no merit in the argument made by counsel. The judge states in his per curiam that he was not acquainted with the defendant, knew nothing whatsoever about him until these cases were brought before him, and that he had no interest whatsoever in the outcome of the trial. It is inconceivable that he could have had any personal interest in the case.

In State v. Phillips, 159 La. 903, 106 So. 375, 376, this court through its organ, Justice Overton, said: "For a judge to have an interest in a case within the meaning of the law, relative to the recusation of judges (Act No. 40 of 1880 and Act No. 203 of 1918), some fact must exist that leads to the conclusion that it is to the judge's personal advantage, whether he would be influenced by such advantage or not, to decide the case or to seek to bring about a decision therein, for or against one of the parties to it, without reference to the law and the evidence."

The trial judge held that the allegations set out in counsel's motion to recuse and in the supplement thereto disclosed no legal cause for recusation, and he therefore refused to call in another judge to try the motion. His ruling is supported by the case of State v. Davis, 154 La. 928, 98 So. 422, and the numerous cases therein cited. See, also, 14 American Jurisprudence, page 850, Section 121.

Bills No. 5 and 6 relate to the refusal of the trial judge to sustain defendant's motion in arrest of judgment and his motion for a new trial. These bills are grounded upon the alleged erroneous rulings which we have already discussed and found to be without merit. We find no merit in either of these bills.

For the reasons assigned, the conviction and sentence are affirmed.