McCALEB, Justice.
 

 Carlton Laborde was convicted for attempting to commit theft of eleven 'hogs valued at $75 and sentenced to pay a fine' of $200 and costs and to serve one year in the parish jail, nine months of the jail sentence being suspended upon the payment of the fine and costs. He has appealed and the state moves 'to dismiss on the ground that the case is not within our appellate jurisdiction. Article VII, Section 10 of the Constitution defines the jurisdiction of this court and provides, in part as follows :
 

 “The appellate jurisdiction of the Supreme Court shall also extend to criminal cases on questions of law alone, whenever the penalty of death, or imprisonment at hard labor may be imposed; or where a fine exceeding three hundred dollars or imprisonment exceeding six months has been
 
 actually
 
 imposed.” (Italics ours.)
 

 Inasmuch as the offense is a misdemean- or for which imprisonment at hard labor may not be given, the question is whether the sentence actually imposed exceeds six months imprisonment. It is the contention of the State that, despite the fact that appellant is condemned to serve one year in the parish jail, the case is nonetheless not within our appellate jurisdiction because nine months of the jail sentence is suspended upon payment of the $200 fine and costs. In support of this proposition, the State relies upon State v. Desimone, 143 La. 505, 78 So. 751 and State v. Roy, 152 La. 933, 94 So. 703, wherein it is held that, for purposes of determining appellate jurisdiction, the court will not take into consideration an imprisonment conditioned on default in payment of a fine because such imprisonment is not “actually imposed” within the meaning of the Constitution.
 

 
 *649
 
 The cited cases, to which may he added State v. Peralta, 115 La. 530, 39 So. 550; State v. Hamilton, 128 La. 91, 54 So. 482; State v. Mitchell, 137 La. 1098, 69 So. 851; State v. Abraham, 139 La. 466, 71 So. 769 and State v. Authement, 139 La. 1070, 72 So. 739, merely -reiterate a rule of constitutional interpretation now well established, but we fail to perceive that those authorities are applicable to the matter at hand. In all of those adjudications, the question presented was whether an imprisonment conditioned on a default in payment of a fine was an imprisonment actually imposed -within the meaning of the Constitution. The answer in the negative is founded on the premise that a punishment dependent upon the failure of a condition -is not a punishment actually inflicted because, if the condition is fulfilled, it becomes nugatory.
 

 In the instant case, however, the sentence of one year in the parish jail has been “actually imposed” within the -meaning of the Constitution. The mere -fact that nine months of that sentence will be suspended if appellant pays the fine and costs assessed a'gainst him does not make the exaction of the one year imprisonment depend upon -the payment of the fine. And it matters not that the judge limited the suspension to nine months; whether he suspended the entire -sentence or whether the -suspension was dependent upon payment of the fine or other consideration. The main factor which is -determinative of our jurisdiction is that a sentence exceeding six months wa-s actually imposed and the circumstance t-hat a part or -the whole of the -execution of the sentence is suspended upon the happening of a condition is immaterial.
 

 It must be borne in mind that there is a marked distinction between the suspension of the imposition of a -sentence and the imposition of a sentence with -suspension of its service by placing the offender on probation. The Supreme Court of the United States recognized -this in the case of Berman v. United States, 302 U.S. 211, 58 S.Ct. 164, 82 L.Ed.
 
 204.
 
 There, -the petitioner -had been convicted on -several counts for using the m-ail-s to defraud and was sentenced on each count to serve a year and a day. Execution of the -sentence was however, suspended and petitioner was placed on -probation for two years. He appealed to -the Circuit Court of Appeals where the appeal was dismissed on the ground that the judgment was interlocutory. 2 Cir., 88 F.2d 645. Later, the Supreme Co-ur-t, on h-i-s application for writ of certiorari, found -that the Court of Appeals had erred in dismissing the appeal, stating [302 U.S. 211, 58 S.Ct. 166]:
 

 “Petitioner was convicted -and -sentenced. Final judgment in a criminal ca-se means sentence. The sentence is the judgment * * *. Here, the imposition of the sentence wasi not suspended, but only its execution.
 

 * * * * *
 

 
 *651
 
 “Placing petitioner upon probation did not affect the finality of the judgment. Probation is concerned with rehabilitation, not with the determination of guilt. It does not 'secure reconsideration of issues that have been determined or change the judgment that has been rendered. Probation or suspension of sentence ‘comes as an act of grace to one convicted of a crime.’ Escoe v. Zerbst, 295 U.S. 490, 492, 493, 55 S.Ct. 818, 819,
 
 79
 
 L.Ed. 1566, [1568, 1569].
 

 Thus, in the case at bar, the suspension of nine months of appellant’s sentence, conditioned upon his payment of a fine and costs, cannot be viewed as a sentence which has not been actually imposed. Indeed, Article 536 of the Code of Criminal Procedure, which authorizes the judge to suspend the sentence of any person found guilty of a misdemeanor, contemplates the imposition of a sentence and merely the suspension of its service by release of the offender during good behavior. The only condition on the suspension authorized by the article is “good"behavior”
 
 [1]
 
 which, as used therein, “means that the offender shall not be convicted of any other crime during the time of such suspended sentence.” The Article also provides “that if sentence is suspended such sentence shall not become final except upon the conditions and in the manner provided herein.”
 

 Accordingly, there can be little support for the contention of the State that a sentence, which has been decreed b.u't its service suspended, is on a parity with a sentence which is imposed only in default of payment of a fine. The wide difference in the nature of the sentences is clearly demonstrated by an examination of the effect of each. Where imprisonment is imposed in default of payment of a fine, payment nullifies the jail sentence. But
 
 'the
 
 same result would not follow in the instant case, for if appellant served three months of the one year sentence and paid his fine, the balance of the sentence would not be voided. True, he would be released from jail but, if he should be convicted of a violation of the law during the nine month period of the suspension, such suspension would be automatically revoked under Article 536 of the Code of Criminal Procedure and it would then become the duty of the court, under the provisions of Article 538, to cause h-is arrest and cumulate the punishment of the first conviction with the punishment of the subsequent conviction.
 

 The motion to dismiss the appeal is denied.
 

 Since we find that we 'have jurisdiction, we pass on to a consideration of the merits of the appeal. Three bills of exception
 
 *653
 
 were reserved during the trial. The first bill was taken to the refusal of the judge to grant a continuance. It appears that the case came up for trial upon regular assignment before a jury to be tried as a felony. Appellant’s counsel objected to a trial by jury on the ground 'that the offense was a misdemeanor, triable only before the judge. The judge agreed and called the case for trial. Counsel thereupon filed a motion for a 'continuance, which was overruled, to which ruling he reserved a bill.
 

 We fail to discern how appellant was prejudiced by the ruling. The trial court has broad discretion in granting or refusing a continuance and this court will not interfere therewith in the absence of abuse.
 

 The second bill of exception resulted from 'the overruling of a motion to recuse the judge. When the case was called and appellant’s counsel objected -to a trial by jury, he stated that he did not wish to try the case before a jury because appellant was too well known to the jurors, whereupon the trial judge remarked, in the presence of appellant’s attorney and the district attorney, “the accused would have a better chance before a jury than before this court”. It is stated in the motion that the remark of the judge was prejudicial “and will prevent your mover from having a fair and impartial trial”. It is further alleged as a ground for the motion to recuse that the judge had been district attorney of the Twelfth Judicial District for twelve years, during which time he prosecuted appellant on several occasions for infraction of criminal laws.
 

 Counsel for appellant maintains (1) that the remark of the judge shows 'that he was prejudiced and biased and, therefore, legally incompetent to sit in judgment and (2) that he had no right to overrule the motion for recusation but should have referred it to a judge of an adjoining district for trial and determination in accordance with Article 309 of the Code of Criminal Procedure.
 

 There are five legal causes for recusation of a judge in a criminal case. These are set forth in Article 303 of the Code of Criminal Procedure. None of the five causes is applicable here, save possibly the first which requires the recusation of the judge if he has an interest in the case. The complaint that the judge prosecuted appellant for other offenses while he was district attorney is not a-ground for recusation under the statute.
 
 [2]
 
 However, it is claimed that, when the judge remarked that appellant “would have a better chance before a jury than before this court”, he exhibited that he was prejudiced and that, therefore, he should have submitted the motion to another judge for determination. If -this statement of the judge be regarded •as a declaration of fact which might justify the conclusion that the judge had an interest in the cause, then it was his duty un
 
 *655
 
 der Article 309 of the Code of Criminal Procedure to submit the matter of his recusation to another judge. On the other hand, if the statement cannot be viewed as a recitation of fact from which a conclusion of interest may be fairly drawn, then, under the established jurisprudence, the judge had the right to overrule the motion himself and no't refer it to another judge for trial.
 

 In State v. Doucet, 199 La. 276, 5 So.2d 894, 897, we said:
 

 “The jurisprudence of this State is well-settled that if the allegations of the petition for the recusation of a judge are mere general statements of conclusions that the judge is prejudiced and biased against or hostile to the defendant because of personal or political reasons, or that if the petition does state facts which, if proved, would not constitute a legal ground for recusation, the judge who is sought to be recused may himself overrule the motion and need not refer it to another judge for trial. State v. Chantlain, 42 La.Ann. 718, 7 So. 669; State v. Blount, 124 La. 202, 50 So. 12; State v. Woods, 124 La. 738, 50 So. 671; State v. Hayes, 127 La. 762, 53 So. 983; City of Lafayette v. Milton, 129 La. 678, 56 So. 635; State v. Morgan, 142 La. 755, 77 So. 588; State v. Nunez, 147 La. 394, 85 So. 52; State v. Rini, 153 La. 57, 95 So. 400; State v. Davis, 154 La. 928, 98 So. 422; State v. Phillips, 159 La. 903, 106 So. 375; State v. Henry, 197 La. 999, 3 So.2d 104; State v. Hutton, 198 La. 174, 3 So.2d 549; and State ex rel. Martin v. Judge of Twenty-Ninth District, 152 La. 768, 94 So. 389.”
 

 An examination of the applicable authorities (most of which are cited in the quotation above given from the Doucet case) will reveal that there has been a lack of uniformity on the question of whether a judge, who is prejudiced against a defendant, is subject to recusation on the ground that he has an interest in the cause. Since State v. Morgan, 142 La. 755, 77 So. 588, it has been unequivocally 'held that, inasmuch as the statute does not provide that bias and prejudice of the judge is a ground for recusation, the accused must offer additional proof to show that the judge has an interest in the case whch means that “if is to' the judge’s personal advantage, whether he would be influenced by such advantage or not, to decide the case or to seek to bring about a decision therein, for or against one of the parties to it, without reference to the law and the evidence.” State v. Phillips, 159 La. 903, 106 So. 375, 376.
 
 [3]
 

 
 *657
 
 We do not find it necessary in the case at bar to consider whether the provisions of Section 9 of Article I of the Constitution affect the soundness of the pronouncements that bias or prejudice of a judge is not, of itself, sufficient to warrant his recusation in a criminal case.
 
 [4]
 
 — for, assuming that it is, we do not think that the remark of the judge in this matter authorizes the conclusion that he was biased or prejudiced against appellant or that he was unable to give him a fair and impartial trial. The remark, as above stated, was that appellant would have a better chance before a jury tha-n before the court. This does not indicate that the court, in trying the case, would not be guided by the evidence adduced or that appellant would be convicted if the proof did not show his guilt beyond a reasonable doubt. On the contrary, it strikes us that the judge was merely expressing a fact, well known to members of the Bar, that a jury ofttimes is ’motivated in its deliberations by considerations of sympathy or other extraneous matters, whereas, the judge, as a trained frier of facts, will invariably be guided by the law and the evidence.
 

 The other bill of exception was taken to the refusal of the judge to grant a new trial. The motion was founded on his adverse rulings on the motions for continuance and recusation (which have been already determined), and coupled with the complaint that the judgment was contrary to the law and the evidence in that the state failed to prove asportation of the 'hogs, which appellant was accused of attempting to steal.
 

 We have many times said that a hill taken to the overruling of a motion for a new trial on the ground 'that the verdict is contrary to the law and the evidence presents nothing for review. In this case, while it is true that appellant bases his motion on the ground that the State failed to prove an element of the crime charged, we are unable to consider his complaint as the evidence presented to the trial judge
 
 *659
 
 was not transcribed and is not made part of 'the record.
 

 The conviction and sentence are affirmed.
 

 O’NIELL, C. J., and MOISE, J., concur in the decree.
 

 HAWTHORNE, J., is of the opinion thait this court is without appellate jurisdiction and dissents from the ruling on this motion to dismiss the appeal.
 

 [1]
 

 We held accordingly in Cox v. Brown, 211 La. 235, 29 So.2d 776, 778, where we said “Under Article 536 of the Code of Criminal Procedure the only condition which the judge may, in suspending a sentence, impose upon a prisoner is ‘good behavior’ —that is, that the suspended sentence is conditioned upon the prisoner not being convicted of any other crime during the period of the suspension.”
 

 [2]
 

 See 48 C.J.S., Judges, § 83a(3), page 1087.
 

 [3]
 

 See also State v. Davis, 154 La. 928, 98 So. 422 and State v. Hutton, 198 La. 174, 3 So.2d 549. In State v. Davis the court specifically overruled its prior decision in State v. Banta, 122 La. 235, 47 So. 538, wherein it was held that a motion to recuse the judge on the ground that he is a personal enemy of the accused and is so biased and prejudiced as to be incapable of giving him a fair and impartial trial was well taken and exhibited that the judge had an interest in the
 
 *657
 
 cause. Justice Laud wrote a dissenting opinion in the Davis case which was founded on the premise that, even in the absence of statute, a biased or prejudicial judge is subject to recusation under Section 9 of Article I of the Constitution (Bill of Rights) ordaining that “In all criminal prosecutions the accused shall have the right to a speedy public trial by an impartial jury”. This court did not discuss, either in the Davis case or in the other eases like it (Blount, Hayes, Morgan, Rini and Simone (State v. Simone, 154 La. 78, 97 So. 302) cases) the question relative to the effect of the constitutional provision as affording a ground for the recusation of a judge solely because of prejudice.
 

 [4]
 

 It is well established in other jurisdictions that, in the absence of statute or constitutional enactment, bias or prejudice of the judge is not a ground for recusation. See 48 C.J.S., Judges § 82a, page 1057 and cases cited.