SANDERS, Justice
(dissenting).
In this case, the majority has ruled that 'a hearing must be held that has as its object the recusal of all three judges of the Ninth Judicial. District Court' for Rapides Parish from hearing motions to quash the indictments in over one hundred "criminal cases. As I construe the majority opinion, the ruling is based upon the ground that" the district judges will be material witnesses as to the procedure used in selecting the jury bodies at the hearing of the motion to quash.[1] I disagree with the ruling and record my dissent.
*782 'A motion for recusation of a trial judge that sets forth no legal cause for recusation is properly overruled by the judge to whom it is addressed. State v. Angel, 141 La. 921, 75 So. 843. The question before us therefore is whether the well-pleaded allegations of the motion set forth a legal cause for recusation.
Article 671(4) of the Louisiana Code of Criminal Procedure provides:
“In a criminal case a judge of any court, trial or appellate, shall be recused ' when he:
• jf: j{c
(4) Is a material witness in the cause; ”
The motion alleges only that the three district judges, “their agents, clerks, servants and employees” have knowledge of the methods used in the selection of the jury.bodies and each of them is a material-witness on the motion to quash. Nowhere is it alleged that a district judge is the only witness to any material fact. The motion, in my opinion, affirmatively discloses that, the judges’ testimony would be cumulative. Since other witnesses are available to establish the procedures used in selecting the jury bodies.
Assuming, however, that the judges are material witnesses on the motion to quash, the motion sets forth no valid cause for recusation.
Article 671(4) C.Cr.P., made no change in the prior law. As used in the Article, “material witness in the cause” means a witness at the trial to determine guilt. This meaning is made quite clear by the Reporter’s Comment, a useful aid in the construction of the article:
“Ground (4), in conformity with C.C. P. Art. 151(1) and Art. 303(3) of the 1928 Code of Criminal Procedure, provides for recusation if the judge is a material witness in the cause. Construing Art. 303 of the 1928 Code of Criminal Procedure, the Louisiana Supreme Court stated that it ‘contemplates arid refers to the judge’s being a material witness in the actual trial of the criminal cause and before the court — not a witness at a hearing to determine whether he should be recused.’ State v. Riviere, 225 La. 114, 122, 72 So.2d 316, 319 (1954). In State v. Kelley, 241 La. 224, 128 So.2d 18 (1961), the court stated that the testimony of the judge must relate to the defendant’s guilt or innocence. Under this logical interpretation of the phrase ‘material witness,’ the judge would not be recused if he had been called to testify to some matter relating to something other than the guilt or innocence.”
In State v. Riviere, supra, this Court was confronted with a Bill of Exceptions *784 reserved to the trial judge’s action' in declining to recuse himself and transfer the-cause to another judge on the grounds that he was a material witness. Defense counsel proposed to question the judge on the hearing of the motion to recuse. This Court held:
“Obviously; paragraph (3) of LSA-R.S. 15:303, invoked by defendant contemplates and refers to the judge’s being a material witness in the actual trial of the criminal cause before the court — not a witness at a hearing to determine whether he should be recused. Accordingly, since the motion did not allege facts constituting a legal cause for recusation, the trial judge, to whom it was addressed, properly and correctly overruled it.”
In State v. Kelley, supra, the Court was concerned with the appearance of the district judge as a witness at the trial of the defendant. The defendant contended the judge was a material witness since his testimony related to guilt or innocence. The State opposed recusation on the ground the testimony was unrelated to guilt. In recusing the judge, this Court said:
“Clearly, the conference with Judge Hunter constitutes evidence material to the defense of the accused, as indicating a course of action pursued in good faith in the conduct of the affairs of the Sheriff’s, office; and the testimony as to these conversations can be incontrovertibly established only through the testimony of Judge Hunter; if deprived of' that testimony, the defendant himself would be forced to take the stand. If denied the right to present the testimony, he is also deprived of his right to make his defense as full and complete as possible.”
LSA-R.S. 15:274 provides:
“In any case in which the judge of the court may be a material witness, the oath shall be administered to him by any officer authorized by law to administer oaths.”
The statute clearly contemplates that a trial judge may be a witness on a nonrecusable matter during a proceeding and provides the procedure for taking his testimony. See Babin v. Nolan, 10 Rob. 373; Pugh, Judge as a Witness, 18 La.L.Rev. 142.
The majority concludes that State v. Eubanks, 232 La. 289, 94 So.2d 262[2] “eloquently speaks” for the position of the defendant. In my opinion, the case is distinguishable. The issue raised was whether or not it was reversible error in that case for the trial judge to refuse to testify as to the method of selecting the grand jury on the motion to quash. The Court concluded it was not. The result reached is correct, since there was ample evidence *786 concerning selection methods. The sweeping generalization contained in the decision that a judge can never' be a witness is faulty. See Pugh, Judge as a Witness, 18 La.L.Rev. 142. Moreover, if this generalization were correct, it would transform LSA-R.S. 15 :274 into a useless appendage of the law.
The majority alludes to the failure of the district judges to deny the allegations of the motion to quash. No support for the decision can be found here. Obviously, as to the motion to quash, the judges are not respondents.[3] The judges’ return to this Court’s rule to show cause, however, does refute the allegations of the motion to quash.
In my opinion, the present decision builds into the law a device for delaying criminal trials, based solely upon a district judge’s knowledge of the procedures used in selecting jury bodies. Such knowledge invariably comes to all district judges in the performance of their official duties. See, e. g., State v. Barksdale, 247 La. 198, 170 So.2d 374. Hence, no district judge is immune from such a recusation proceeding. In reaching the result, the majority has retreated from the sound provisions of the Louisiana Code of Criminal Procedure. I cannot follow this course.
For the reasons assigned, I respectfully dissent.

. Although the majority mentions LSA-C.Cr.P. Art. 671(1) “personally interested in the cause,” it does not seem to rest its decision on this ground. Such a position, of course, would be untenable. Judges often pass .upon the. validity .of acts with which they have had some official responsibility. To lie 'p&isonally interested in the cause means “some fact must exist that leads to the conclusion that it is to the judge’s personal advantage * * * to decide the case or to seek to "bring about a decision therein, for or . against one of the parties to it, without reference to the law and the evidence.” ’ Státe v. Phillips, . 159 La. *782 903, 106 So. 375; State v. Laborde, 214 La. 644, 38 So.2d 371. See also Reporter’s Comment (Ground - 1) Article 671, C.Cr.P. In short, the judge must have. some personal gain at stake.

. Reversed, Eubanks v. Louisiana, 356 U.S. 584, 78 S.Ct. 970, 2 L.Ed.2d 991.

. While this dissent was being prepared, the district judges out of an abundance of caution filed an answer to the motion to quash, specifically denying any irregularities in the selection of the jury bodies.